AO 240 (Rev. 10/03)

# UNITED STATES DISTRICT COURT

__Central__ **District of** __Illinois__

Jeramiah J. Griffin,

Plaintiff

V.

Monmouth, IL. Police Dept.,
Doug Corsatres, Jimmy McVey, JR.,
and Brad Ziegler,
Defendants.

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

**FILED**

AUG 2 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CASE NUMBER: 06-4057

I, __Jeramiah J. Griffin__ declare that I am the (check appropriate box)

☑ petitioner/plaintiff/movant        ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently incarcerated?        ☑ Yes        ☐ No        (If "No," go to Part 2)

    If "Yes," state the place of your incarceration    Mercer Co. Jail (Federal detainee)

    Are you employed at the institution?    No    Do you receive any payment from the institution?    No

    Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2.  Are you currently employed?        ☐ Yes        ☑ No

    a.  If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

    b.  If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

    Galesburg Casting, Galesburg, IL.; Summer 2004
    I do not Know the address (only 1 check for about 200.00).

3.  In the past 12 twelve months have you received any money from any of the following sources?

    a.  Business, profession or other self-employment        ☐ Yes        ☑ No
    b.  Rent payments, interest or dividends        ☐ Yes        ☑ No
    c.  Pensions, annuities or life insurance payments        ☐ Yes        ☑ No
    d.  Disability or workers compensation payments        ☐ Yes        ☑ No
    e.  Gifts or inheritances        ☐ Yes        ☑ No
    f.  Any other sources        ☐ Yes        ☑ No

    If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

AO 240 Reverse (Rev. 10/03)

4.  Do you have **any** cash or checking or savings accounts?    ☑ Yes        ☐ No

    If "Yes," state the total amount.  About 25.00

5.  Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?        ☐ Yes        ☑ No

    If "Yes," describe the property and state its value.

    N/A

6.  List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

    Mhylkah Griffin (Father to him) nothing contributed last 8 months due to incarceration.

I declare under penalty of perjury that the above information is true and correct.

7/20/06
Date

Jeramiah J Miffin
Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets.  In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts.  If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

Thursday,July 13, 2006        @15:10:42
MERCER COUNTY SHERIFF'S DEPARTMENT

| Booking Number: | 50658 |
| Seq Number: | 1 |
| Inmate Name: | GRIFFIN, JERAMIAH, J |

| Date | Time | Record by | Type Of Transaction | Amount | Balance |
|------|------|-----------|---------------------|--------|---------|
| 12/14/2005 | 12:48 | C-9 | Inmate Booked | 269.00 | 269.00 |
| 12/14/2005 | 17:34 | C-5 | | 94.45 | 174.55 |
| 12/21/2005 | 16:47 | C-5 | | 65.50 | 109.05 |
| 12/28/2005 | 16:09 | C-5 | | 38.80 | 70.25 |
| 01/04/2006 | 00:14 | C-5 | | 69.90 | 0.35 |
| 01/10/2006 | 22:32 | C-5 | Cash Deposit | 40.00 | 40.35 |
| 01/11/2006 | 16:34 | C-5 | | 39.45 | 0.90 |
| 01/17/2006 | 22:32 | C-5 | Cash Deposit | 55.00 | 55.90 |
| 01/18/2006 | 16:02 | C-5 | | 54.55 | 1.35 |
| 01/23/2006 | 17:34 | C-5 | Cash Deposit | 20.00 | 21.35 |
| 01/25/2006 | 16:43 | C-5 | | 21.20 | 0.15 |
| 01/31/2006 | 22:47 | C-5 | Cash Deposit | 30.00 | 30.15 |
| 02/01/2006 | 16:46 | C-5 | | 29.90 | 0.25 |
| 02/06/2006 | 14:47 | C-4 | Cash Deposit | 60.00 | 60.25 |
| 02/08/2006 | 16:57 | C-5 | | 59.85 | 0.40 |
| 02/14/2006 | 16:57 | C-12 | Cash Deposit | 20.00 | 20.40 |
| 02/15/2006 | 18:57 | C-5 | | 20.40 | 0.00 |
| 02/21/2006 | 16:44 | C-5 | Cash Deposit | 20.00 | 20.00 |
| 02/22/2006 | 15:45 | C-5 | | 19.80 | 0.20 |
| 02/27/2006 | 12:27 | C-12 | Cash Deposit | 50.00 | 50.20 |
| 03/01/2006 | 17:27 | C-5 | | 49.70 | 0.50 |
| 03/07/2006 | 11:39 | C-12 | Cash Deposit | 70.00 | 70.50 |
| 03/08/2006 | 11:08 | C-12 | | 69.30 | 1.20 |
| 03/13/2006 | 12:05 | C-12 | Cash Deposit | 20.00 | 21.20 |
| 03/15/2006 | 06:44 | C-4 | | 21.10 | 0.10 |
| 03/20/2006 | 15:14 | C-12 | Cash Deposit | 20.00 | 20.10 |
| 03/22/2006 | 16:01 | C-5 | | 20.10 | 0.00 |
| 03/27/2006 | 09:54 | C-12 | Cash Deposit | 20.00 | 20.00 |
| 03/28/2006 | 20:49 | C-5 | Cash Deposit | 13.00 | 33.00 |
| 03/29/2006 | 11:24 | C-12 | | 29.95 | 3.05 |
| 04/03/2006 | 12:48 | C-12 | Cash Deposit | 20.00 | 23.05 |
| 04/04/2006 | 22:37 | C-5 | | 22.75 | 0.30 |
| 04/11/2006 | 21:41 | C-5 | Cash Deposit | 20.00 | 20.30 |
| 04/12/2006 | 18:27 | C-5 | | 20.15 | 0.15 |
| 04/17/2006 | 09:00 | C-12 | Cash Deposit | 20.00 | 20.15 |
| 04/19/2006 | 16:11 | C-5 | | 19.65 | 0.50 |
| 04/25/2006 | 20:25 | C-5 | Cash Deposit | 10.00 | 10.50 |

| Date | Time | | Type Of Transaction | Amount | Balance |
|------|------|------|---------------------|--------|---------|
| 04/26/2006 | 10:01 | C-12 | | 7.35 | 3.15 |
| 05/08/2006 | 12:46 | C-12 | Cash Deposit | 30.00 | 33.15 |
| 05/10/2006 | 15:32 | C-5 | | 11.75 | 21.40 |
| 05/16/2006 | 20:35 | C-5 | Cash Deposit | 20.00 | 41.40 |
| 05/17/2006 | 15:43 | C-5 | | 10.90 | 30.50 |
| 05/23/2006 | 18:35 | C-5 | Cash Deposit | 20.00 | 50.50 |
| 05/24/2006 | 16:17 | C-5 | | 5.10 | 45.40 |
| 05/30/2006 | 20:57 | C-5 | Cash Deposit | 20.00 | 65.40 |
| 05/31/2006 | 15:54 | C-5 | | 14.65 | 50.75 |
| 06/06/2006 | 19:14 | C-5 | Cash Deposit | 20.00 | 70.75 |
| 06/07/2006 | 06:27 | C-5 | | 1.20 | 69.55 |
| 06/13/2006 | 21:13 | C-5 | | 5.25 | 64.30 |
| 06/21/2006 | 17:06 | C-5 | | 6.60 | 57.70 |
| 06/26/2006 | 12:38 | C-12 | Cash Deposit | 20.00 | 77.70 |
| 06/28/2006 | 15:04 | C-5 | | 7.75 | 69.95 |
| 07/04/2006 | 22:36 | C-5 | Cash Deposit | 20.00 | 89.95 |
| 07/05/2006 | 18:06 | C-5 | | 3.30 | 86.65 |
| 07/10/2006 | 09:40 | C-12 | Cash Deposit | 20.00 | 106.65 |
| 07/12/2006 | 13:49 | C-12 | | 15.50 | 91.15 |

E-FILED
Thursday, 03 August, 2006 10:03:28 AM
Clerk, U.S. District Court, ILCD

United States District
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JERAMIAH J. GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause # 06-4051 |
| | ) |
| MONMOUTH, IL. POLICE DEPT, | ) |
| OFFICER DOUG CORSARO, | ) |
| OFFICER JIMMY McVEY, JR. | ) |
| CHIEF BRAD ZIEGLER, | ) |
| individually and in their personal | ) |
| capacities, and official capacities, | ) |
| | ) |
| Defendants. | ) |

**RECEIVED**

AUG - 2 2006

U.S. CLERK'S OFFICE
ROCK ISLAND, ILLINOIS

## COMPLAINT AND JURY DEMAND

### I. NATURE OF THE ACTION

1. This cause of action is brought

pursuant to the Fourth and Fourteenth

Amendments of the United States Constitution

made actionable pursuant to 42 U.S.C. §
1983, for an unconstitutional SEARCH of Plaintiff
JERAMIAH J. Griffin ("Griffin") and his property
as well as the destruction of Griffin's dog
without due process. Further, a pendant state
claim is being brought against Defendant
Ziegler for his violations of 5 ILCS §§
140 et seq. ("The Illinois Freedom of Information
Act") for refusing to provide public files and
information related to the killing of Griffin's
dog. This Pendant claim arises from the
same common nucleus of operative facts
as the federal claims.

2

## II. Jurisdiction and Venue,

2. This action is brought pursuant to the U.S. Constitution and a pendant state claim.

3. Jurisdiction is conferred pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1441 and 1367.

4. All events giving rise to this action having occurred in Warren County, Illinois, Venue is proper in this Court.

## III. Parties

5. Griffin is currently a federal detainee being held in the Mercer County, Illinois jail. At the time of the events giving

3

rise to this cause of action, Griffin was a resident of Warren County, Illinois.

6. All defendants are either a political subdivision of the State of Illinois or employees of said political subdivision.

7. All defendants were located in Warren County, Illinois at the time of the events giving rise to this cause of action.

8. Defendant Ziegler, by virtue of his office of Police Chief, is responsible for complying with State Statutes regarding the Pendant State claim.

9. Defendant Monmouth Police Department

4.

was responsible for the care and custody of Griffin's dog.

## IV. Factual Allegations

10. On June 21, 2005, Griffin was a passenger in a vehicle which was stopped and unlawfully detained by Monmouth Police Officer Doug Corsaro.

11. Griffin was searched as was his property, by Monmouth Police Officer Jimmy McVey, JR.

12. No probable cause existed for Searches of Griffin or his property pursuant to the traffic stop initiated.

5.

13. On November 7, 2005, Warren County, Illinois Circuit Court judge Greg McClintock entered an order that probable cause did not exist for the search of Griffin or his property.

14. Griffin's dog, Rigsby, was with Griffin during the traffic stop, and was peacefully seized by "PSO" Robin Sage.

15. Rigsby was kept under the control of the Monmouth Police Department and not released.

16. Griffin's fiancé, Ashley Hoopes, and his friend, Leslie Montgomery, tried on several occasions on or about June 21, 2005

6

to retrieve Rigsby, but was advised Rigsby had been killed while at the Monmouth Police Department animal shelter.

17. Rigsby had all his shots and records showing this were present in the vehicle at the time of the stop of Griffin.

18. No notice or explanation were provided to Griffin as to why Rigsby was summarily euthanized.

19. Rigsby was not a threat to others as evidenced by actions during the traffic stop of June 21, 2005, Rigsby's detainment by

7

Sage, Griffin's statements at the scene on June 21, 2005 and Defendant Corsaro's testimony of August 3, 2005.

20. Defendant Corsaro unreasonably detained Griffin during the time of the stop and searched him at the scene.

21. Defendant McVey searched Griffin's personal property during and after the traffic stop.

22. On April 26, 2006, Griffin sent a letter to the Monmouth Police Department requesting certain information relating to Rigsby and euthanization of animals generally.

8

23  After receiving no response, Griffin

Sent another letter on May 10, 2006 requesting

the same information.

24.  On May 19, 2006, Griffin received a

letter from Mr. Marcum Spears, Monmouth's

Corporate counsel, stating that notwithstanding

the limited, but detailed, requests by Griffin

Commencing on April 26, Griffin must replicate

his request yet again on a separate sheet of

paper.

25.  Mr. Spears went on in his letter

to indicate that Griffin's request may then

Still not be granted.

9.

26. In accordance with State law, Griffin filed a written appeal to Defendant Ziegler on May 20, 2006, based on Ziegler's refusal to provide information on Rigsby's Summary euthanization.

27. No response to the appeal was ever received.

28. Rigsby was a family pet enjoyed by Griffin, Ashley Hoopes, and Griffin's Son Mhylkah.

V. Legal Allegations/Claims

29. Paragraphs one (1) through twenty-eight (28) are hereby incorporated as if

10.

Specifically set forth.

I. Unconstitutional Search

30. The Fourth Amendment of the United States Constitution guarantees citizens the right to freedom from unreasonable search.

31. On June 21, 2005, Griffin was unreasonably detained by Defendant Corsaro and without probable cause.

32. On June 21, 2005, Griffin was subjected to unreasonable searches by Defendants Corsaro and McVey without probable cause.

33. Griffin was harmed by the actions of Corsaro and McVey.

II.

34.   Corsaro's and McVey's actions violated Griffin's Fourth Amendment rights.

2.   Fourteenth Amendment Claim
(Due Process Dog Claim)

35.   Griffin owned a family pet named Rigsby.

36.   On June 21, 2005, Rigsby was seized, and immediately thereafter, destroyed by the Monmouth Police Department.

37.   Griffin had a property interest in Rigsby.

38.   Griffin was never allowed any process in the determination of Rigsby's fate and in fact was never notified that Rigsby was euthanized.

39. Procedures and dictates are in place

for destruction of dogs by the Monmouth Police

Department despite the Department's refusal to

provide said information to Griffin.

40. Griffin's right to due process was

violated by Defendant Monmouth Police Department.

41. Griffin and his family were harmed by

the action of the Monmouth Police Department.

42. The Monmouth Police Department is part

of a political sub-division of the State of Illinois.

43. The Monmouth Police Department had

no authority to deprive Griffin of his property

without first affording him due process.

13.

### 3. Pendant State Claim
### (Violation of Illinois Freedom of
### Information Act)

44. Illinois' Freedom of Information, 5

ILCS §§ 140 et seq., provides procedures for the

public's retrieval of information from the State and

political sub-divisions of the State.

45. Griffin lawfully requested, on three

occasions, information related to the summary

euthanization of his dog.

46. Griffin was repeatedly denied this

information by the same defendants who

violated Griffin's right to due process under

the United States Constitution.

14.

47. Defendant Ziegler is responsible for complying with this statute.

48. Defendant Ziegler's department was also responsible for the summary euthanization of Griffin's dog and Ziegler's refusal to provide records or authority for the euthanization further the due process violations against Griffin.

49. Ziegler's actions have harmed Griffin and caused him added expense in trying to resolve the matter of Griffin's dog's euthanization.

50. Ziegler's actions have violated the Illinois Freedom of Information Act.

15.

## VI. Relief Requested

Griffin requests the following relief:

   a. Award of Actual and Compensatory damages in an amount to make him whole;

   b. An award of punitive damages in an amount that would deter individuals in the place of defendants from acting similarly in the future;

   c. Injunctive and/or declaratory relief proscribing defendants from acting similarly in the future;

   d. Award of all costs and any

16.

associated attorney's fees;

e. Any other relief deemed appropriate

to make Griffin whole.

Respectfully Submitted,

Jeramiah J. Griffin
906 SW 3rd St.
Aledo, IL 61231
(Plaintiff)

## JURY DEMAND

I Jeramiah J. Griffin do hereby
respectfully demand a trial by jury for
all issues deemed triable by jury.

Jeramiah J. Griffin

17.