UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

JERAMIAH J. GRIFFIN,        )
                            )
      Plaintiff,            )
                            )
                            ) Cause # 06-4051
  vs.                       )
                            )
                            ) FILED
Monmouth, IL. Police Dept., et. al., )
                            ) AUG 3 1 2006
      Defendants.           )
                            ) JOHN M. WATERS, Clerk
                            ) U.S. DISTRICT COURT
                            ) CENTRAL DISTRICT OF ILLINOIS

## PLAINTIFFS POSITION ON FOURTEENTH AMENDMENT CLAIM

Comes now Plaintiff, in person, and recites his position regarding his Fourteenth (14th) Amendment claim and states the following:

1. On August 2, 2006 this Court received a complaint, part of which involved a Fourteenth Amendment claim for the deprivation of property without due process

of law. (see COMPLAINT AND JURY DEMAND, ¶¶ 14-19 and 35-43 as well as CONSTITUTION OF THE UNITED STATES, FOURTEENTH AMENDMENT, Section 1).

2. On August 29, 2006, this Court, in accordance with 28 U.S.C. § 1915(b)(1) and 1915(A) "screened" Plaintiff's complaint and from statements made, led Plaintiff to believe that his Fourteenth Amendment Claim[1] would be dismissed from this action.

3. In the interest of judicial economy and to avoid piece-meal litigation, Plaintiff wanted to appraise this honorable Court of his position on the involved claim. A short memorandum of law follows.

---

[1] The 14th Amendment Claim involves a property interest of Plaintiff (his family dog). The process in place involves a set of statutes to protect Plaintiff and his property and this process was not afforded Plaintiff.

2

Memorandum OF LAW IN SUPPORT OF PLAINTIFF'S Position that his "DOG CLAIM" IS Proper In Federal Court

28 U.S.C. § 1915A requires this Court to screen Plaintiff's Complaint and to identify and dismiss any legally insufficient claim. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted...." (28 U.S.C. § 1915(A)(1)). Based on the Statements of the Court, it appears that the claim is legally sufficient but that the Court feels the claim is a state claim belonging in a state court. Plaintiff believes that his claim properly states a federal Constitutional claim for the reasons below:

On June 21, 2005, Police officers for the city of Monmouth, Illinois, seized Plaintiff's dog and later that day had this family pet unilaterally euthanized. The

3

United States Constitution prohibits, or limits, certain actions of the government against her citizens. Through the passage of the Fourteenth Amendment on July 28, 1868, states are now limited from the same conduct which barred the federal government in the original Bill of Rights. In pertinent part, the Fourteenth Amendment states:

> No state shall make or enforce any law which shall abridge the priviledges or immunities of citizens of the United States; <u>Nor shall any State deprive any person of life, liberty, or Property, without due process of law</u>; nor deny to any person within its jurisdiction the equal protection of the laws.

(United States Constitution, 14th Amendment, Sect. 1)(emphasis added)

Although not fully explained by the Court, its apparent position is that the unilateral euthanization

of the family dog ("Rigsby") is a state claim belonging in an Illinois State court. Although the basis of Plaintiff's claim arises from a state statute, Plaintiff maintains that his due process claim <u>necessarily</u> involves the protections afforded through state statutes. Indeed, it is Plaintiff's position and the language in the Fourteenth Amendment which makes Plaintiff's claim a federal Constitutional claim: No state shall "deprive any person of ... property without due process of law." <u>Id</u>.

In the case at bar, Plaintiff must show that a) he was deprived of "property", b) that said deprivation was at the hands of the "state" and c) that said deprivation was without due process of law. Rigsby was

5

was surely "property" as that concept is defined and explained in the exhaustive line of due process cases.[2]

The City of Monmouth Police Department and its employees are state actors as envisioned by the 14th Amendment. As the Court is no doubt aware, most 42 U.S.C. § 1983 claims are filed against the political sub-divisions of any given state. In the instant case, the claim is against such an entity. The reason for the passage of the 14th Amendment was to deter and prohibit the very conduct present in Plaintiff's case. Prior to the passage of the 14th Amendment, Southern states worked through cities, towns and parish governments

---

[2] Plaintiff, unfortunately, cannot immediately access caselaw as the jail law library is lacking. Additionally, Plaintiff did not want

6

to seize land, livestock and husbandry of recently emancipated freedmen which prompted its passage. Plaintiff's claim is no different except that it was a dog versus a mule seized, and he is not a freedman.

Lastly, Plaintiff must show that the loss of his property (the "deprivation") was contrary to protections in the federal Constitution. Unless Plaintiff misunderstood the Court relating to this claim, and assuming there is a "rub" regarding this specific claim, Plaintiff assumes herein it must lie. Despite a statute of Illinois covering the euthanization of a family pet (here 510 Ill. Statutes Act 5/1 et seq.), which coincidentally

---

to delay in filing this document in order to provide the Court with his position on the instant claim.

7

provides the process which was due to Plaintiff, any denial of said process gives rise to a federal claim. Plaintiff sees no distinction from this case and the many others involving due process afforded to citizens in other areas of state law.[3]

Plaintiff was afforded process for the adequate protection of his legal property while in the custody of the Monmouth Police Department. The process is explicit, clear and unambiguous. For whatever reason, the Monmouth Police opted to ignore any

---

[3] State statutes which establish a property interest in an Illinois police officers' job through procedures for termination give rise to a very similar claim if state law is not followed and a termination is seen as contrary to "due process." The same Constitutional principle applies to property condemnation, zoning laws, improper asset forfeiture proceedings or denial (improperly) of march or assembly permits. Federal claims arise routinely from such.

8

and all protections afforded him. This type of action by states and their political sub-divisions give rise to 14th Amendment claims and has been for 138 years.

## Conclusion

For all the above reasons, Plaintiff has properly stated a 14th Amendment claim under the United States Constitution as Defendant City of Monmouth disregarded not only "due" process of law but all process of law. Taking property, unilaterally destroying it without regard to law or process is the stuff of pre-Magna Carta feudal lords, not 21st Century Illinois Police departments. Their actions violated the United States Constitution in this regard and Plaintiff

9

respectfully requests that the Court allow this claim to remain and to make a determination to that effect.

Respectfully Submitted,

*Jeramiah J. Griffin*
Jeramiah J. Griffin
906 SW 3rd St.
Aledo, IL 61231
(Plaintiff)

CERTIFICATE OF SERVICE

I hereby affirm that a copy of the foregoing was served on counsel for the City of Monmouth, at his office, via first class U.S. postage, prepaid and properly addressed, this 31st day of August, 2006 (No Appearance by any other counsel has been entered as of this date).

*Jeramiah J. Griffin*

10