E-FILED

Friday, 01 September, 2006  10:38:50 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JERAMIAH J. GRIFFIN,
    Plaintiff,

vs.                             No. 06-4051

MONMOUTH POLICE DEPARTMENT, et.al.,
    Defendants.

<u>ORDER</u>

      This cause is before the court for merit review of the plaintiff's claims.   The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." The plaintiff participated in the hearing by telephone conference call.

      The plaintiff  brings this lawsuit pursuant to 42 U.S.C. §1983, 42 U.S.C. §1981 and state law.   The plaintiff has named four defendants including the Monmouth Police Department, Police Chief Brad Ziegler, Officer Doug Corsaro and Officer Jimmy McVey.

      The plaintiff's complaint alleges that on June 21, 2005, he was a passenger in a vehicle that was detained pursuant to a traffic stop.  The plaintiff had his dog, Rigsby, with him in the car.  Apparently, the plaintiff was taken into custody and therefore officers also took the plaintiff's dog.  The plaintiff says his dog was peaceful throughout the entire stop.

      The plaintiff says his family members made repeated attempts to locate the dog, and were finally told that the dog had been euthenized at a local animal shelter.   The plaintiff says there was no probable cause for the stop and search.  The plaintiff says the officers violated his Fourth Amendment rights and his Fourteenth Amendment rights.  In addition, he claims the defendants violated the Illinois Freedom of Information Act by refusing to provide information concerning the death of his dog.

      During the merit review hearing, the plaintiff clarified his claims.  The plaintiff says he was arrested as a result of the stop and charged with Unlawful Possession of a Controlled Substance with Intent to Deliver.  However, a state court judge found there was no probable cause for the search or the arrest and the charges were dropped.  The plaintiff says the charges were then re-filed in federal court, and he plead guilty to a different allegation.  The court finds that the plaintiff has adequately stated a violation of his Fourth Amendment rights against

Officer Ziegler and Corsaro based on the traffic stop.

The plaintiff has failed to state a violation of his Fourteenth Amendment rights based on the taking of his property (his dog Rigsby).  The court notes that the plaintiff has also sent a letter to the court to clarify this claim.  The court understands that the plaintiff is attempting to allege a due process violation based on his property interest.  However, the plaintiff does not allege that the deprivation took place according to any established state procedure, nor that he lacked an adequate remedy under state law. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1995).  Therefore, the proper place for the plaintiff to bring this claim is in the Illinois Court of Claims, not federal court.

The plaintiff has failed to state a claim against the Monmouth Police Department or Chief Ziegler.   A local governmental unit can be held liable under §1983 only if there is a direct causal link between a governmental policy or custom and a constitutional deprivation. Monell v. New York City Department of Social Services, 436 US 658, 694(1978).  The plaintiff has failed to state a claim upon which relief can be granted against Monmouth Police Department.

 In addition, the plaintiff has named the Police Chief as a defendant due to his supervisory role.   "(A) defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42 U.S.C. §1983." Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981).  The doctrine of respondeat superior (supervisor liability) does not apply.  Pacelli v. DeVito, 972 F.2d 871, 877 (7th Cir. 1992). "(A) supervising prison official cannot incur §1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right." Vance v Peters, 97 F.3d 987, 992 (7th Cir. 1996).  The court will dismiss both Defendant Ziegler and the Monmouth Police Department from this lawsuit.

Lastly, the plaintiff says he is bringing a state claim based on the Illinois Freedom of Information Act for failure to provide information concerning the death of his dog. It is not clear that the plaintiff has a claim pursuant to the Illinois Freedom of Information Act.   The plaintiff does not state what public information he believe was withheld, or how it was withheld.

Nonetheless, since the plaintiff has no surviving federal claims concerning the taking of his dog, the court declines to exercise supplemental jurisdiction over the plaintiff's Illinois Freedom of Information Act claim.  See 28 U.S.C. §1367(c); See also City of Chicago v. Intern. College of Surgeons, 522 U.S. 156 (1997) (stating that pendent jurisdiction is a matter of discretion); Van Harken v. City of Chicago, 103 F.3d 1346, 1354 (7th Cir. 1997) (noting presumption against retention of supplemental state law claims).

**IT IS THEREFORE ORDERED:**

**1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims: Defendants Corsaro and McVey violated the plaintiffs Fourth Amendment rights during a June 21, 2005 traffic stop.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.   In addition, the clerk is directed to dismiss Defendants Monmouth Police Department and Brad Ziegler for failure to state a claim against either defendant.**

**3) The court declines to exercise supplemental jurisdiction over the plaintiff's Illinois Freedom of Information Act claim.  *See* 28 U.S.C. §1367(c);**

**4) This case shall proceed solely on those federal claim identified in paragraph one above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**5)A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**6)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**7)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this 1st  day of September, 2006.

s\Harold A. Baker

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

3