E-FILED
Friday, 01 September, 2006 11:10:22 AM
Clerk, U.S. District Court, ILCD

United States District Court
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

JERAMIAH J. GRIFFIN, )
)
Plaintiff, )
)
vs. ) Cause # 06-4051
)
MONMOUTH, IL. POLICE DEPT., )
OFFICER DOUG CORSARO, )
OFFICER JIMMY McVEY, JR. )
CHIEF BRAD ZIEGLER, )
individually and in their personal )
capacities, and official capacities, )
)
Defendants. )

RECEIVED
AUG - 2 2006
U.S. CLERK'S OFFICE
ROCK ISLAND, ILLINOIS

## COMPLAINT AND JURY DEMAND

### I. NATURE OF THE ACTION

1. This cause of action is brought pursuant to the Fourth and Fourteenth Amendments of the United States Constitution

made actionable pursuant to 42 U.S.C. §

1983, for an unconstitutional search of Plaintiff

JERAMIAH J. Griffin ("Griffin") and his property

as well as the destruction of Griffin's dog

without due process. Further, a pendant state

claim is being brought against Defendant

Ziegler for his violations of 5 ILCS §§

140 et. seq. ("The Illinois Freedom of Information

Act") for refusing to provide public files and

information related to the killing of Griffin's

dog. This Pendant claim arises from the

same common nucleus of operative facts

as the federal claims.

2

## II. Jurisdiction and Venue.

2. This action is brought pursuant to the U.S. Constitution and a pendant state claim.

3. Jurisdiction is conferred pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1441 and 1367.

4. All events giving rise to this action having occurred in Warren County, Illinois, venue is proper in this Court.

## III. Parties

5. Griffin is currently a federal detainee being held in the Mercer County, Illinois jail. At the time of the events giving

3

rise to this cause of action, Griffin was a resident of Warren County, Illinois.

6. All defendants are either a political subdivision of the State of Illinois or employees of said political subdivision.

7. All defendants were located in Warren County, Illinois at the time of the events giving rise to this cause of action.

8. Defendant Ziegler, by virtue of his office of Police Chief, is responsible for complying with State Statutes regarding the Pendant State claim.

9. Defendant Monmouth Police Department

4.

was responsible for the care and custody of Griffin's dog.

IV. Factual Allegations

10. On June 21, 2005, Griffin was a passenger in a vehicle which was stopped and unlawfully detained by Monmouth Police Officer Doug Corsaro.

11. Griffin was searched as was his property, by Monmouth Police Officer Jimmy McVey, Jr.

12. No probable cause existed for searches of Griffin or his property pursuant to the traffic stop initiated.

5.

13. On November 7, 2005, Warren County, Illinois Circuit Court judge Greg McClintock entered an order that probable cause did not exist for the search of Griffin or his property.

14. Griffin's dog, Rigsby, was with Griffin during the traffic stop, and was peacefully seized by "PSO" Robin Sage.

15. Rigsby was kept under the control of the Monmouth Police Department and not released.

16. Griffin's fiancé, Ashley Hoopes, and his friend, Leslie Montgomery, tried on several occasions on or about June 21, 2005

6

to retrieve Rigsby, but was advised Rigsby had been killed while at the Monmouth Police Department animal shelter.

17. Rigsby had all ~~his~~ shots and records showing this were present in the vehicle at the time of the stop of Griffin.

18. No notice or explanation were provided to Griffin as to why Rigsby was summarily euthanized.

19. Rigsby was not a threat to others as evidenced by actions during the traffic stop of June 21, 2005, Rigsby's detainment by

Sage, Griffin's statements at the scene on June 21, 2005 and Defendant Corsaro's testimony of August 3, 2005.

20. Defendant Corsaro unreasonably detained Griffin during the time of the stop and searched him at the scene.

21. Defendant McVey searched Griffin's Personal Property during and after the traffic stop.

22. On April 26, 2006, Griffin sent a letter to the Monmouth Police Department requesting certain information relating to Rigsby and euthanization of animals generally.

8

23. After receiving no response, Griffin sent another letter on May 10, 2006 requesting the same information.

24. On May 19, 2006, Griffin received a letter from Mr. Marcum Spears, Monmouth's Corporate counsel, stating that notwithstanding the limited, but detailed, requests by Griffin commencing on April 26, Griffin must replicate his request yet again on a separate sheet of paper.

25. Mr. Spears went on in his letter to indicate that Griffin's request may then still not be granted.

9.

26. In accordance with State law, Griffin filed a written appeal to Defendant Ziegler on May 20, 2006, based on Ziegler's refusal to provide information on Rigsby's summary euthanization.

27. No response to the appeal was ever received.

28. Rigsby was a family pet enjoyed by Griffin, Ashley Hoopes, and Griffin's son Mhylkah.

V. Legal Allegations/Claims

29. Paragraphs one (1) through twenty-eight (28) are hereby incorporated as if

10.

Specifically set forth.

I. Unconstitutional SEARCH

30. The Fourth Amendment of the United States Constitution guarantees citizens the right to freedom from unreasonable search.

31. On June 21, 2005, Griffin was unreasonably detained by Defendant Corsaro and without probable cause.

32. On June 21, 2005, Griffin was subjected to unreasonable searches by Defendants Corsaro and McVey without probable cause.

33. Griffin was harmed by the actions of Corsaro and McVey.

11.

34. Corsaro's and McVey's actions violated Griffin's Fourth Amendment rights.

2. Fourteenth Amendment Claim
(Due Process Dog Claim)

35. Griffin owned a family pet named Rigsby.

36. On June 21, 2005, Rigsby was seized, and immediately thereafter, destroyed by the Monmouth Police Department.

37. Griffin had a property interest in Rigsby.

38. Griffin was never allowed any process in the determination of Rigsby's fate and in fact was never notified that Rigsby was euthanized.

12.

39. Procedures and dictates are in place for destruction of dogs by the Monmouth Police Department despite the Department's refusal to provide said information to Griffin.

40. Griffin's right to due process was violated by Defendant Monmouth Police Department.

41. Griffin and his family were harmed by the action of the Monmouth Police Department.

42. The Monmouth Police Department is part of a political sub-division of the State of Illinois.

43. The Monmouth Police Department had no authority to deprive Griffin of his property without first affording him due process.

13.

### 3. Pendant State Claim
### (Violation of Illinois Freedom of Information Act)

44. Illinois' Freedom of Information, 5 ILCS §§ 140 et. seq., provides procedures for the public's retrieval of information from the State and political sub-divisions of the State.

45. Griffin lawfully requested, on three occasions, information related to the summary euthanization of his dog.

46. Griffin was repeatedly denied this information by the same defendants who violated Griffin's right to due process under the United States Constitution.

14.

47. Defendant Ziegler is responsible for complying with this statute.

48. Defendant Ziegler's department was also responsible for the summary euthanization of Griffin's dog and Ziegler's refusal to provide records or authority for the euthanization further the due process violations against Griffin.

49. Ziegler's actions have harmed Griffin and caused him added expense in trying to resolve the matter of Griffin's dog's euthanization.

50. Ziegler's actions have violated the Illinois Freedom of Information Act.

15.

## VI. Relief Requested

Griffin requests the following relief:

a. Award of Actual and Compensatory damages in an amount to make him whole;

b. An award of punitive damages in an amount that would deter individuals in the place of defendants from acting similarly in the future;

c. Injunctive and/or declaratory relief proscribing defendants from acting similarly in the future;

d. Award of all costs and any

16.

associated attorney's fees;

e. Any other relief deemed appropriate

to make Griffin whole.

Respectfully Submitted,

*Jeramiah J. Griffin*
Jeramiah J. Griffin
906 SW 3rd St.
Aledo, IL 61231
(Plaintiff)

### JURY DEMAND

I Jeramiah J. Griffin do hereby respectfully demand a trial by jury for all issues deemed triable by jury.

*Jeramiah J. Griffin*
Jeramiah J. Griffin

17.