UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JERAMIAH J. GRIFFIN,
   Plaintiff,

vs.                                               No. 06-4051

MONMOUTH POLICE DEPARTMENT, et.al.,
   Defendants.

## ORDER

      The plaintiff has filed a motion for leave to file an amended complaint. [d/e 10]. However, the plaintiff has not attached a proposed amended complaint to his motion and after review of the plaintiff's motion, its clear that he is asking the court to reconsider its September 1, 2006 Merit Review Order.

      The pro se plaintiff originally brought this lawsuit pursuant to 42 U.S.C. §1983, 42 U.S.C. §1981 and state law.  The plaintiff claimed that he was a passenger in a vehicle pulled over for a traffic stop.  He was taken into custody and the officers took possession of his dog. The plaintiff says his dog was later euthanized at a local animal shelter.  During the merit review hearing, the plaintiff stated that he was charged with a drug offense, but a state court judge found there was no probable cause for the search or the arrest and the charges were dropped.  The plaintiff says the charges were re-filed in federal court, and he plead guilty to a different allegation.

      The court found that the plaintiff had adequately alleged a violation of his Fourth Amendment rights against Monmouth Police Officers Jimmy McVey and Doug Corsaro based on the traffic stop.    However, the plaintiff had failed to state a violation of his Fourteenth Amendment rights based on the taking of his property (his dog Rigsby).   "The plaintiff does not allege that the deprivation took place according to any established state procedure, nor that he lacked an adequate remedy under state law. <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1430 (7th Cir. 1995). Therefore, the proper place for the plaintiff to bring this claim is in the Illinois Court of Claims, not federal court." September 1, 2006 Merit Review, p. 2.

      The plaintiff now says there are procedures for the "destruction of dogs" and points to the Illinois Animal Control Act, 510 ILCS 5/1. (Mot, p.3)   The plaintiff's lawsuit is not against the Animal Shelter, it is against the officers who stopped him.  In addition, the plaintiff still has an adequate remedy for his claim under state law as previously noted by the court.  The plaintiff has simply not stated a violation of his constitutional rights based on this claim.  The motion is

denied.

**IT IS THEREFORE ORDERED:**

**The plaintiff's motion to reconsider the September 1, 2006 Merit Review Order and allow him to file an amended complaint is denied.**

Entered this 15th day of November, 2006.

                        **s/Harold A. Baker**

                        HAROLD A. BAKER
                  UNITED STATES DISTRICT JUDGE