UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JERAMIAH J. GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 06-4051 |
| vs. | ) |
| | ) |
| OFFICER DOUG CORSARO, and OFFICER | ) |
| JIMMY MCVEY, JR., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS**

NOW COME Defendants OFFICER DOUG CORSARO and OFFICER JIMMY McVEY, JR., by John K. Kim of Heyl, Royster, Voelker & Allen, one of their attorneys, and for their Response to Plaintiff's Motion for Sanctions, pursuant to Rule 37 of the Federal Rules of Civil Procedure, and in support thereof STATE AS FOLLOWS:

1. On March 19, 2007, Plaintiff filed his Response to Defendant McVey's Motion for Enlargement of Time and Leave to Serve Responses to Plaintiff's Written Discovery Requests, as well as a companion Motion for Sanctions.

2. Plaintiff's claim for sanctions against each Defendant in the amount of $100,000 is unwarranted and inappropriate in this case.

3. Pursuant to Rule 37(2)(A) of the Federal Rules of Civil Procedure, a party may move to compel disclosure and for appropriate sanctions. "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." *Id.*

HEYL ROYSTER
VOELKER
&ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

4. Here, Plaintiff did not include in his Motion for Sanctions a certification that the movant has in good faith conferred or attempted to confer with Defendants in an attempt to secure the disclosure without court action. This requirement is mandatory as indicated by the language of the rule. At no time has Plaintiff attempted to contact or communicate with Defendants with respect to any objections or the production of responses until Officer McVey filed his Motion for Enlargement of time and served his discovery responses.

5. Factors guiding district court's exercise of discretion in determining whether a violation of the rule governing discovery disclosure requirements is justified or harmless are (1) prejudice or surprise to party against whom evidence is offered; (2) ability of party to cure prejudice; (3) likelihood of disruption to trial; and (4) bad faith or willfulness involved in not disclosing evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

6. With respect to prejudice or surprise, Plaintiff has not offered any basis upon which he has been prejudiced by Officer McVey's late responses or either of the Defendants' responses. The deadline to complete is on June 1, 2007, which is approximately two months away. At this point, written discovery is now complete, as are most, if not all depositions. Plaintiff has not attempted to contact Defendants' counsel to confer regarding the various objections Defendants' have with various discovery requests.

7. Defendants have already sought to cure any prejudice that may lie with Plaintiff well in advance of the discovery deadline in this case by serving Plaintiff with Officer McVey's discovery responses to Plaintiff on February 28, 2007. Moreover, Plaintiff's claims that Defendants have failed to provide Plaintiff with "<u>all</u> of his discovery requests" is without merit. Many of the requests seek information that is irrelevant to the action based on the prior disposal of Plaintiff's various claims per

HEYL ROYSTER
VOELKER
& ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

the court's order. Various other discovery requests were also objectionable as they sought privileged information under the attorney work-product doctrine.

8.   Given that written discovery is now complete as are most, if not all, depositions, there is unlikely to be a disruption of the trial setting as the discovery deadline does not expire until June 1, 2007.

9.   Lastly, Defendants have not acted in bad faith or willfulness by not disclosing the discovery responses to Plaintiff at an earlier date. As indicated in Defendant McVey's Motion for Enlargement of Time and Leave to Serve Responses to Plaintiff's Written Discovery Requests, Defendant McVey's responses were late due to inadvertence and clerical error. As soon as Defendants' counsel learned of this oversight, counsel promptly served Plaintiff with Officer McVey's responses and filed the motion seeking leave of this Court. At no time prior to the service of the discovery responses or filing of the motion did Plaintiff contact Defendants in an attempt to confer regarding the objections in Officer Corsaro's timely discovery responses, or on the discovery requests served upon Officer McVey. While Officer McVey's were late, they were identical requests to those Plaintiff served upon Officer Corsaro. Under these circumstances, Defendants did not act in bad faith or with willfulness in the delay in producing Officer McVey's discovery responses and in objecting to various requests.

WHEREFORE, Defendants OFFICER DOUG CORSARO and OFFICER JIMMY McVEY, JR., prays that the court enter an order denying Plaintiff's Motion for Sanctions; and for such other and further relief that this Court deems necessary and proper.

HEYL ROYSTER
VOELKER & ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

3

OFFICER DOUG CORSARO and
OFFICER JIMMY McVEY, JR.


By:_____/s/ John K. Kim_____
HEYL, ROYSTER, VOELKER & ALLEN
Attorneys for the Defendants
David A. Perkins - #6195542
John K. Kim - #6286591
Suite 600, 124 S. W. Adams Street
Peoria, IL 61602
(309) 676-0400
(309) 676-3374 (fax)
dperkins@hrva.com
jkim@hrva.com

HEYL ROYSTER
VOELKER & ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

4

## CERTIFICATE OF SERVICE

      I hereby certify that on the 3rd day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  Additionally, a copy of the foregoing was served upon all parties to the above cause by enclosing the same in an envelope addressed to same, with postage fully prepaid, and by depositing said envelope in a U.S. Post Office Box in Peoria, Illinois, on the 3rd day of April, 2007.

Mr. Jeramiah J. Griffin, pro se
#13688-026
Federal Correctional Complex - Med.
P.O. Box 3000 - Medium
Forrest City, AR 72336

                                              /s/ John K. Kim

                                              David A. Perkins #6195542
                                                 John K. Kim #6286591

                                                 Attorneys for Defendants,
                       OFFICER DOUG CORSARO and OFFICER
                                  JIMMY MCVEY, JR.
                      HEYL, ROYSTER, VOELKER & ALLEN
                        Suite 600, 124 S. W. Adams Street
                                  Peoria, IL 61602
                                    (309) 676-0400
                                 (309) 676-3374 (fax)
                                    dperkins@hrva.com
                                      jkim@hrva.com

JKK/lan
R1307PMI 007

HEYL ROYSTER VOELKER & ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400