

E-FILED
Thursday, 12 April, 2007  02:28:08 PM
Clerk, U.S. District Court, ILCD

FILED
APR 12 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**UNITED STATES DISTRICT COURT**
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

JERAMIAH J. GRIFFIN,

    Plaintiff,

V.                                         Case No.: 06-4051

OFFICER DOUG CORSARO and
OFFICER JIMMY MCVEY, JR.,

    Defendants.

---

**MOTION OF PLAINTIFF TO COMPEL PRODUCTION OF REQUESTED DISCOVERY
OR, IN THE ALTERNATIVE,
MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT IN PLAINTIFF'S FAVOR
WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

---

    Comes now the Plaintiff, JERAMIAH J. GRIFFIN, Pro Se, and moves this Honorable Court to Compel Production of Requested Discovery from both defendants Officer Doug Corsaro and Officer Jimmy McVey, Jr., or, in the alternative, moves this Honorable Court for Summary Judgment in Plaintiff's Favor, and states and shows in support, with incorporated memorandum of law in support, the following:

    1. Both defendants Corsaro and McVey have objected to, and therefore refused to and <u>failed</u> to provide the Plaintiff with <u>all</u> of his requested discovery, necessary to him in order for him to adequately prosecute his instant valid claim. <u>See</u> e.g. Response of Plaintiff to Defendant McVey's Motion for Enlargement of Time and Leave to Serve Responses to Plaintiff's Written Discovery Requests <u>and</u> Motion of Plaintiff for Sanctions Against

Defendants, both filed, delivered, and served on March 15, 2007, and both incorporated herein by reference the same as if they were both fully set out herein. <u>See</u> also Officer Jimmy McVey, Jr.'s Answers to Plaintiff's Interrogatories, pages 5-9, Answers to Plaintiff's Interrogatories, 9-10, 13-16, 19, 21, with the response being "Objection," <u>and</u> Officer Jimmy McVey's Response to Plaintiff's First Request for Production, pages 2-5, responses to Request Nos. 5-7, 9-12, 15-16, 19-20, 22-23, with the responses being "Objection," both cited in Response of Plaintiff, cited supra, ¶ 2.

2. Since both defendants Corsaro and McVey have <u>failed</u> to produce <u>all</u> of the Plaintiff's requested discovery discussed supra--which is required by the Plaintiff to adequately prosecute his claim--both defendants need to compelled by this Honorable Court to produce <u>all</u> of the Plaintiff's requested discovery.

3. The Plaintiff has in good faith conferred with the defendants Corsaro and McVey, through their attorneys, in an effort to secure said discovery request disclosures from them without court action. But, both defendants have failed to disclose, answer, or respond to all of Plaintiff's discovery requests discussed supra. These noncomplying parties have acted therefore with wilfulness, bad faith, and fault regarding the non-disclosure of said discovery requests. <u>See</u> e.g. <u>Marrocco v. General Motors Corp.</u>, 966 F.2d 220, 224 (7th Cir. 1992); <u>Rice v. City of Chicago</u>, 333 F.3d 780, 784 (7th Cir. 2003). <u>See</u> also <u>Melendez v. Illinois Bell Telephone Company</u>, 79 F.3d 661, 672

(7th Cir. 1996); and Williams v. Chicago Board of Education, 155 F.3d 853, 857 (7th Cir. 1998); both cited by Rice v. City of Chicago, 333 F.3d at 784. And, as such, the defendants have exhibited contumacious conduct by the clear record of their delay, refusal, wilfulness, bad faith, and fault. See e.g. Maynard v. Nygren, 332 F.3d 462, 467 (7th Cir. 2003), cited by Bolanowski v. GMRI, Inc., 178 Fed. Appx. 579, 581-82 (7th Cir. 2000). See also Aura Lamp & Lighting, Inc. v. Int'l Trading Corp., 325 F.3d 903, 909 (7th Cir. 2003), cited by Bolanowski, 178 Fed. Appx. at 581-82. See also Pyramid Energy Ltd. v. Heyl & Patterson, 869 F.2d 1058, 1061 (7th Cir. 1989), citing Webber v. Eye Corp., 721 F.2d 1067, 1069 (7th Cir. 1993), and cited by Marrocco, 966 F.2d at 224.

4. The defendants, by being at fault in *not* producing discovery to the Plaintiff, have also acted *unreasonably*, thereby necessitating compelled production of Plaintiff's requisite discovery requests, or in the alternative, a summary judgment in the Plaintiff's favor. See e.g. Long v. Steepro, 213 F.3d 983, 986-87 (7th Cir. 2000). I.e., the defendants have, at all times since the commencement of this civil action, been *able* to timely comply with *all* of the Plaintiff's discovery requests. They simply have refused to do so, thereby wilfully, in bad faith, and with fault, *failed*--*unreasonably*--to answer *all* of Plaintiff's requisite discovery requests. And, these defendants have not explained their failure to comply with said requests, further supporting a summary judgment in the Plaintiff's favor. See e.g.

3

Golant v. Levy (In re Golant), 239 F.3d 931, 936-37 (7th Cir. 2001); Ladien v. Astrachan, 128 F.3d 1051, 1056 n. 5 (7th Cir. 1997), cited by Young v. Birkel, 2006 U.S. Dist. LEXIS 41456 (C.D. Ill. 2006), which in turn cites In re Golant, 239 F.3d at 936 and Long v. Steepro, 213 F.3d at 987. See also e.g. Ridge Chrysler Jeep, LLC v. Daimlerchrysler Servs. N. Am. LLC, 2006 U.S. Dist. LEXIS 63664 (N.D. Ill. 2006), citing Long v. Steepro, 213 F.3d at 986 and Maynard v. Nygren, 332 F.3d at 468. See also Woods v. Chicago Transit Authority, 2006 U.S. Dist. LEXIS 63167 (N.D. Ill. 2006), citing Steepro, 213 F.3d at 986-87. See also Thomas Consolidated Industries v. Herbst (In re Thomas Consolidated Industries), 456 F.3d 719 (7th Cir. 2006), citing Golant v. Levy (In re Golant), 239 F.3d at 937; Sharpe v. Village of Fox Lake, 176 Fed. Appx. 694 (7th Cir. 2006), citing Golant, 236 F.3d at 936 ("A district court need not make an explicit finding of willfulness; rather a finding may be inferred"), and citing Aura Lamp, 325 F.3d 907 and 909. See Alston v. Deutsch Burse, AG, 80 Fed. Appx. 517 (7th Cir. 2003), citing Maynard, 332 F.3d at 467-68 and In re Golant, 239 F.3d at 936 n. 1 ("A district court need not make a finding of willfulness... explicitly; rather, such a finding may be implicit in the record"). See also Frazier v. Layne Christensen, 2006 U.S. Dist. LEXIS 58386 (W.D. Wisc. 2006), citing Golant, 239 F.3d at 937 ("In this case [the Golant case], the violation was defendants' belated disclosure of documents"). See Davis v. Harris, 2006 U.S. Dist. LEXIS 33664 (C.D. Ill. 2006), citing Golant, 239 F.3d at 936;

Langley v. Union Electric Co., 107 F.3d 510, 514 (7th Cir. 1997); Shilling v. Walworth Park and Planning Commission, 805 F.2d 272, 278 (7th Cir. 1986); and Maynard v. Nygren, 332 F.3d 462, 467-68 (7th Cir. 2003), cert. denied, 543 U.S. 1049, 125 S. Ct. 865, 160 L. Ed. 2d 769 (2005).

5. The violating conduct of both of the defendants discussed supra is clear and convincing. See the record in this case. See also Maynard, 332 F.3d at 468. And, the defendants' clear and convincing contumacious conduct discussed supra has proximately prejudiced the Plaintiff and has proximately prejudiced the judicial system. As such, said defendants' conduct should be deterred and punished by this Honorable Court, as it qualifies--at a minimum--as "indirect contempt." See Maynard, 332 F.3d at 467-68, citing relevant cases. See also In re Troutt, 460 F.3d 887, 893 (7th Cir. 2006); United States v. Johnson, 327 F.3d 554, 564 (7th Cir. 2003); Armstrong v. Squadrito, 152 F.3d 564, 573-574 (7th Cir. 1998); United States v. Griffin, 84 F.3d 820, 829 (7th Cir. 1996)--all citing relevant cases.

6. A decision in the form of a summary judgment in this case, based on the merits, would favor the Plaintiff. And, as the Honorable United States Court of Appeals for the Seventh Circuit has already decided:

> [W]e are mindful of our warning that "in the normal course of events, justice is dispensed by the hearing of cases on their merits, Salgado, 150 F.3d at 740 (quoting Shilling v. Walworth County Park and Planning Comm'n, 805 F.2d 272, 275 (7th Cir. 1986)).

Musser v. Gentiva Health Services, 356 F.3d 751 (7th Cir. 2004), citing Salgado by Salgado v. GMC, 150 F.3d 735, 740 (7th Cir. 1998).

5

See also <u>Shilling v. Walworth County Park and Planning Commission</u>, 805 F.2d 272, 275 (7th Cir. 1986) and <u>Salgado by Salgado v. GMC</u>, 150 F.3d 735, 740 (7th Cir. 1998).

7. Pursuant to the attached and incorporated filings in the cases <u>Illinois v. Jason Mettler</u>, 05-CR-79 and <u>Illinois v. Jeremiah J. Griffin</u> (the instant Plaintiff), 05-CF-78, both In the Circuit Court of the Ninth Judicial Circuit, Warren County, Illinois (total of six pages), the Court's Letter Opinion dated October 31, 2005 "RE: People v. Jason Mettler, 05-CF-79;" the Court's ORDER to Suppress Evidence (from the unconstitutional search and seizure of the vehicle Jason Mettler was driving, No. 05-Cf-79, dated November 3, 2005 ("11/3/5"); the Court's ORDER re: Illinois v. Griffin, No. 05-CF-78, filed November 7, 2005 that:

> A. The State shall not be allowed to introduce at trial evidence observed or seized following the search of the vehicle in which Defendant was located prior to his arrest for the charges described in the Information herein.
>
> B. The arrest of the Defendant is quashed;

and the Court's ORDER dismissing case No. 05-CF-78, <u>Illinois v. Griffin</u>, Entered December 5, 2005 (12/5/5); all six (6) pages attached and incorporated herein the same as if they were fully set out herein; the search and seizure of "evidence" from the vehicle that Plaintiff Griffin was located in prior to his arrest was <u>un</u>constitutional, in violation of Plaintiff's Fourth Amendment Rights, inter alia. Since said search and seizure was <u>un</u>constitutional, the "evidence" was supressed and was <u>not</u> allowed by the Court to be introduced at the Plaintiff's trial, and his arrest was quashed. As a result, the case against Plaintiff Griffin

6

was dismissed by the Court. Said Court, in effect, raised the instant Fourth Amendment claim when it dismissed said <u>un</u>constitutional search and seizure, because it was, inter alia, <u>un</u>warranted, and therefore, there was <u>no</u> legal basis for it. I.e., said <u>un</u>constitutional search and seizure by defendants Corsaro and McVey, Jr. was also, inter alia, <u>il</u>legal. And, Plaintiff Griffin's said case No. 05-CF-78 was appropriately dismissed in Griffin's favor. Unfortunately, by the time of said case's dismissal--in Griffin's favor--Plaintiff Griffin had already been substantially and irreparably proximately injured by the defendants, making both of the defendants liable to Plaintiff Griffin for substantial damages enumerated infra. <u>See</u> attached and incorporated <u>Exhibit A</u>, containing the six (6) pages referenced supra, this ¶, attached and incorporated herein the same as if they were fully set out herein.

8. Even though the Plaintiff has sufficiently pleaded the facts and the elements of his instant Civil Rights Claim, <u>see</u> Complaint, the Honorable United States Court of Appeals for the Seventh Circuit has already decided that:

> In <u>Walker v. Thompson</u>, 288 F.3d 1005 (7th Cir. 2002), we held that "there is <u>no</u> requirement in federal suits of pleading the facts or the elements" of a civil rights claim, <u>id.</u> at 1007...(Ripple, J. concurring). (emphasis added)

<u>Russell v. Washington</u>, 52 Fed. Appx. 862 (7th Cir. 2002), citing cases. <u>See</u> also <u>Lekas v. Briley</u>, 405 F.3d 602, 606 (7th Cir. 2005), also citing <u>Walker v. Thompson</u>, 288 F.3d at 1007 and other relevant cases. <u>See</u> also <u>Walker v. Thompson</u>, 288 F.3d 1005, 1007 (7th Cir. 2002), citing relevant cases. Therefore, there remains <u>no</u> genuine issue of

7

material fact which would benefit the defendants, and the Plaintiff is entitled to prevail as a matter of law. The requested discovery, which the defendants have <u>failed</u> to provide, <u>see</u> supra, would certainly strenthen Plaintiff's claim, by providing corroborating evidence of the facts and allegations of the Plaintiff in his Complaint. And, since the defendants have <u>failed</u> to provide said requested discovery, they have conceded to and have, in effect, agreed with the Plaintiff's allegations made in his Complaint.

9. "It is well established that district courts enjoy broad discretion in controlling discovery." <u>See</u> <u>Lelfler v. Meer</u>, 60 F.3d 369, 374 (7th Cir. 1995). And, the defendants have violated Fed. R. Civ. P. 37(c)(1) and 37(c)(2). <u>See</u> e.g. <u>McCarthy v. Option One Mortgage Corp.</u>, 362 F.3d 1008, 1012 (7th Cir. 2004).

10. WHEREFORE, ALL PREMISES CONSIDERED, Plaintiff Jeramiah J. Griffin prays this Honorable Court will <u>grant</u> his instant Motion to Compel the Defendants McVey and Corsaro to Produce the requisite Discovery already requested by him, or, in the alternative, <u>grant</u> his Motion for Summary Judgment in his (Plaintiff's) Favor.

11. Plaintiff Jeramiah J. Griffin, Pro Se, hereby <u>certifies</u> that all of the foregoing is accurate and correct to the best of his knowledge and belief, including ¶ 3 supra, which states:

> The Plaintiff has in good faith conferred with the defendants Corsaro and McVey, through their attorneys, in an effort to secure said discovery request disclosures from them without court action. But, both defendants have failed to disclose, answer, or respond to all of Plaintiff's discovery requests discussed supra. These noncomplying parties have acted therefore with wilfulness, bad faith, and fault regarding the nondisclosure of said discovery requests.

12. Plaintiff respectfully requests compensatory, general, and special damages from each of the defendants in the amount of Five Million United States Dollars ($5,000,000.00 U.S.), and

13. Plaintiff respectfully requests punitive damages from each of the defendants in the amount of Five Million United States Dollars ($5,000,000.00 U.S.), for a total of Ten Million Dollars from each of the defendants.

Respectfully submitted,

*Jeramiah J Griffin*
JERAMIAH J. GRIFFIN, Pro Se
for Plaintiff Jeramiah J. Griffin
P.O. Box 3000
Forrest City, Arkansas 72336-3000
(870) 630-6000

Dated: April 9, 2007
       Forrest City, Arkansas

## CERTIFICATE OF SERVICE

This certifies that I, JERAMIAH J. GRIFFIN, Pro Se, have filed, delivered, and served a true and exact copy of the foregoing

MOTION OF PLAINTIFF TO COMPEL PRODUCTION OF REQUESTED DISCOVERY
OR, IN THE ALTERNATIVE,
MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT IN PLAINTIFF'S FAVOR
WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT

regarding Case No. 06-4051, via U.S. Mail, first-class postage prepaid, deposited in the Legal Mail Mailroom, located at FCC Forrest City, Forrest City, Arkansas 72335, to the following persons and address:

David A. Perkins and John K. Kim, Attorneys for Defendants
HEYL, ROYSTER, VOELKER & ALLEN
124 S.W. Adams Street
Suite 600
Peoria, Illinois 61602-1352

THIS, the <u>9th</u> Day of April, 2007.

*Jeramiah J Griffin*
JERAMIAH J. GRIFFIN, Pro Se

CIRCUIT COURT OF ILLINOIS
NINTH JUDICIAL CIRCUIT
WARREN COUNTY COURTHOUSE
100 WEST BROADWAY
MONMOUTH, ILLINOIS 61462-1798

GREG McCLINTOCK
ASSOCIATE JUDGE



TELEPHONE 309/734-5442
FAX 309/734-4151

October 31, 2005

Mr. Scott Shipplett
Warren County Public Defender
304 S. Main Street
P.O. Box 105
Monmouth, IL 61462

Mr. Albert G. Algren
Warren County State's Attorney
Warren County Courthouse
Monmouth, IL 61462

    RE: People v. Jason Mettler
        05-CF-79

Dear Counsel:

    On August 3, 2005, a hearing was held on the Defendant's Motion to Suppress filed in this matter. At the conclusion of the hearing, counsel for each party asked to submit written arguments and authority. Those memoranda were subsequently filed. I have reviewed the transcript of the hearing, the cases cited by counsel, and the arguments contained in the briefs. My decision is contained in this letter opinion.

    Jason Mettler was stopped by Monmouth Police Officer Corsaro for driving with his rear registration light out on June 21, 2005, at approximately 2:30 a.m. The Defendant does not contest that the officer had a sufficient legal basis for stopping the Mettler vehicle. Sometime after the vehicle was stopped, Monmouth Police Officer Terry Hepner conducted a canine drug sniff of the vehicle driven by Mettler. Based on an alert by the dog on the car, a subsequent search of the vehicle uncovered the evidence sought to be suppressed here. An alert by a properly trained drug detection canine provides probable cause to justify a search of the vehicle (<u>Caballes</u>). The issue in this case is whether the police had a sufficient basis to detain the vehicle and then conduct the canine drug sniff.

    As pointed out by both counsel, <u>People v. Gonzales</u> provides the framework for analyzing this issue. Under that analyses, the first determination that must be made is whether the officer's

**EXHIBIT A**
**(Page 1 of 6 Pages)**

action was justified at its inception. That point has been conceded here. Secondly, the court must determine whether the continued detention and request to search the Defendant's vehicle "was reasonably related in scope to the circumstances which justified the interference in the first place." Obviously, a request to search the vehicle is not related to a stop for the rear registration light being inoperable. Where the continued detention of the defendant's vehicle is not related to the original purpose of the stop, the State must establish that, considering the totality of the circumstances, a reasonable articulable suspicion existed to justify that detention.

In attempting to meet that burden, the People ask the Court to consider a number of factors set out in the testimony of Officer Corsaro. Among those are:

1. Both Mettler and his passenger, Jeremiah Griffin, had prior criminal convictions for drugs.

2. Griffin had been arrested in Galesburg approximately two weeks earlier in the same vehicle, at which time methamphetamine was allegedly recovered from the vehicle. There was also some testimony concerning the metal suitcase located on the floorboard next to Griffin. Apparently, a search warrant had previously been issued to search a similar metal suitcase possessed by Griffin for drugs. However, the metal suitcase that was the subject of that search warrant had been seized and searched at the time of Griffin's arrest in Galesburg. No testimony was elicited concerning the metal suitcase possessed at the time in question, nor had any more recent information been obtained about drugs in a metal suitcase after the arrest in Galesburg.

3. The vehicle driven by Mettler had gravel dust on the vehicle. The officer believed this was significant for two reasons. First, it did not appear to be consistent with Mettler's statement that they were returning from Wal-Mart. The usual route from Wal-Mart in Galesburg back to Monmouth would not involve driving on unpaved roadways. Secondly, the gravel dust on the car was consistent with information from Ashley Hoopes' father that Griffin supposedly obtains anhydrous ammonia for producing methamphetamines from out in the country. No testimony was provided concerning when this information had been obtained from Ashley Hoopes' father or how he had obtained it. There was no indication how long the gravel dust had been on the vehicle, nor was the dust visible in pictures taken of the vehicle that night by Officer Corsaro.

4. Officer Corsaro had received tips from Jason Cooper (brother of the car's owner, Telliea), Ashley Hoopes, Laura Cooper, Richard Hoopes, Betty Elliott, and indirectly from Ray Cooper, that Griffin was making methamphetamine. Cooper's information, conveyed to the State Police and passed down to Corsaro, also involved Mettler and Griffin in that meth manufacturing. No specifics or details were provided to Officer Corsaro as to when the meth was being made, where it was being made, or how the information passed on to Officer Corsaro had been obtained.

5. Officer Corsaro was aware of some Crimestoppers tips that involved Griffin in the manufacturing of meth at his home located at 115 North 5th Street in Monmouth. No testimony was introduced as to when these anonymous Crimestoppers tips had been. It is not clear how tips

that Griffin was making meth at his home relates to an articulable suspicion that drugs would be in the vehicle in question.

    6. At the time the earlier search warrant was obtained for Griffin's metal container (approximately two weeks earlier), the information conveyed to Corsaro indicated that Griffin kept his meth-making materials in a duffle bag. While no duffle bag was in the car, there was a backpack in the vehicle. Officer Corsaro believes some people use duffle bag and backpack to describe the same item.

    With that basic information, Officer Corsaro requested to search the vehicle. The decision to seek permission for a search was made within a minute or two of the stop. Officer Corsaro testified that he called for back-up as he intended to ask for consent to search. The stop was made at 2:35 a.m. Officer Corsaro requested assistance at 2:37 a.m. Moreover, if consent were refused, Officer Corsaro intended to impound the vehicle and seek a warrant if the canine was unavailable (transcript pages 30-31).

    Based on the totality of circumstances, I cannot find that Officer Corsaro had a sufficiently specific suspicion that drugs or other contraband would be located in the Mettler vehicle at the time it was detained for the canine search. Therefore, I believe the State has failed to meet its burden and the motion is granted. I would ask that Mr. Shipplett submit an order approved as to form by Mr. Algren.

Sincerely,

Greg McClintock
Judge

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
WARREN COUNTY, ILLINOIS

People of the State of Illinois

vs.                                              NO.  05 CF 79

JASON METTLER

Defendant.

## ORDER

This matter having come on Defendant's Motion to Suppress Evidence, and the Court having heard testimony and evidence, for the reasons stated in its Opinion Letter of October 31, 2005, does hereby ORDER:

1.0   The State shall not be allowed to introduce at trial, evidence obtained following the arrest of the Defendant, and evidence obtained following the seizure and search of the vehicle the Defendant was driving.

Dated: 22 11/3/5

_____
Greg McClintock
Associate Judge


Presented by:

_____
Scott Shipplett
Attorney for Defendant


APPROVED AS TO FORM OF ORDER ONLY:

_____
Albert G. Algren
Warren County State's Attorney

LAW OFFICES OF
SCOTT SHIPPLETT
P.O. Box 105
304 South Main
Monmouth, Illinois 61462-0105
(309) 734-4760

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
WARREN COUNTY, ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. 05-CF-78 |
| | ) | |
| JEREMIAH J. GRIFFIN, | ) | FILED |
| Defendant. | ) | |
| | | NOV 7 2005 |

**ORDER**

CLERK OF THE CIRCUIT COURT
THE NINTH JUDICIAL CIRCUIT
WARREN COUNTY ILLINOIS

This matter coming for hearing on Defendant's Motion to Quash Arrest and Suppress Evidence, the Court being advised that the State and Defendant stipulate to the testimony as presented in a co-defendant's Motion to Suppress Evidence in case No. 05-CF-79 and presented on August 3, 2005 and that the State's Attorney will not appeal the decision of the Court herein hereby finds as follows:

1. That the findings contained in this Court's letter opinion of October 31, 2005 in case number 05-CF-79 are adopted herein.

**THEREFORE,** the Court orders as follows:

A. The State shall not be allowed to introduce at trial evidence observed or seized following the search of the vehicle in which Defendant was located prior to his arrest for the charges described in the Information herein.

B. The arrest of the Defendant is quashed.

ENTERED: Nov. 7 2005

_____
JUDGE

APPROVED FOR ENTRY:

_____
State's Attorney

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
STATE OF ILLINOIS
COUNTY OF WARREN

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ] |
| vs | ] No. 05-CF-78 |
| JEREMIAH J. GRIFFIN, | ] |
| Defendant. | ] |

### MOTION FOR DISMISSAL

Comes now Albert G. Algren, Warren County State's Attorney, and moves this Honorable Court to dismiss the above pending action with leave to reinstate.

Respectfully submitted this 30th day of November, 2005.

_____
Albert G. Algren
State's Attorney

Albert G. Algren
Warren County State's Attorney
Warren County Courthouse
Monmouth, Illinois 61462
309/734-8476

### ORDER

On Motion of Albert G. Algren, Warren County State's Attorney;

IT IS ORDERED that the above pending action be dismissed with leave to reinstate.

Enter: 12/5/5

_____
JUDGE