**E-FILED**
Monday, 30 April, 2007  02:15:17 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JERAMIAH J. GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 06-4051 |
| vs. | ) | |
| | ) | |
| OFFICER DOUG CORSARO, and OFFICER | ) | |
| JIMMY MCVEY, JR., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' RESPONSE TO MOTION OF PLAINTIFF TO COMPEL PRODUCTION OF REQUESTED DISCOVERY

NOW COME the Defendants, OFFICER DOUG CORSARO and OFFICER JIMMY McVEY, JR., by HEYL, ROYSTER, VOELKER & ALLEN, their attorneys, and for their Response to Motion of Plaintiff to Compel Production of Requested Discovery, pursuant to Rules 33, 34, and 37 of the Federal Rules of Civil Procedure, and in support thereof, STATE AS FOLLOWS:

1.    Pursuant to the court's text order of April 12, 2007, Defendants herein file this Motion to respond to Plaintiff's Motion to Compel. With respect to this text order and Local Rule 7.1(D), Defendants will respond to Plaintiff's Motion for Summary Judgment on or before May 7, 2007.

2.    As a threshold matter, Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure requires that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."

**HEYL ROYSTER**
**VOELKER**
**&ALLEN**

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

3.    Plaintiff has misrepresented to this Court that he has made such a "good faith" effort to confer or "attempted to confer" with the Defendants regarding written discovery.   While Plaintiff "certified" in paragraph 11 that he "has in good faith conferred with the defendants Corsaro and McVey, through their attorneys, in an effort to secure said discovery request disclosures from them without court action,"  Plaintiff did not provide an affidavit or any other statement made under oath to this effect.  More importantly, Plaintiff has made no attempt to communicate with counsel for Defendants in any effort to address Defendants' objections to Plaintiff's written discovery requests, or to resolve any discovery disputes. *See* Affidavit of John K. Kim, attached hereto as Exhibit A.

4.    Plaintiff's Motion to Compel is also improper and premature as the court has not issued any discovery orders or ruled on any discovery objections, and neither has Plaintiff requested such a ruling from the court.

5.    Plaintiff's Motion to Compel is unfounded and draws improper inferences and conclusions on Defendants' objections to Plaintiff's written discovery requests.  Plaintiff erroneously considers Defendants' objections as a refusal and failure to provide him with "all of his requested discovery, necessary to him in order for him to adequately prosecute his instant valid claim." *See* Plaintiff's Motion to Compel at par. 1.  As described below, Defendants' do not have an obligation to provide Plaintiff with "all of his requested discovery" where they have a good faith basis to object to the nature and form of Plaintiff's discovery request.  Moreover, many of Plaintiff's written discovery requests are irrelevant to the subject matter of the instant litigation as determined by the court in its Order of September 1, 2006, which limited the scope of Plaintiff's claim to his allegations of Fourth Amendment violations.

6.    The Federal Rules of Civil Procedure recognize that a party responding to written

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

interrogatories or a request for production of documents may object to the written discovery requests. *See* FRCP R. 33(b)(1), (4); FRCP R. 34(b). In this case, Defendants have made, in good faith, proper objections based on relevancy and privileges regarding Plaintiff's various written discovery requests. Notably, in addition to failing to confer with Defendants' counsel regarding the objections, Plaintiff's Motion to Compel does not seek a ruling on the objections, but instead seeks harsh sanctions that are inappropriate under the circumstances of this case.

7.    A brief review of Defendants' written discovery responses is instructive in demonstrating Defendants' good faith basis in objecting to several of Plaintiff's written discovery requests. Plaintiff's Motion to Compel cited Officer McVey's discovery objections to Interrogatories 9-10, 13-16, 19, 21, and responses to Plaintiff's Request for Production numbers 5-7, 9-12, 15-16, 19-20, 22-23. *See* Defendant Officer McVey's Answers to Plaintiff's Interrogatories, attached hereto as Exhibit B; and Defendant Officer McVey's Response to Plaintiff's First Request for Production, attached hereto as Exhibit C. Plaintiff's discovery requests to both Defendants are substantially similar.

8.    With respect to Defendant Officer McVey's Answers to Plaintiff's Interrogatories, Plaintiff has misrepresented and mischaracterized Defendant's answers and objections to Interrogatories Nos. 9-10, 13-16, 19, and 21.

A.    In response to Plaintiff's interrogatories No. 9-10, Defendants properly raised an objection based on the attorney work-product privilege. For example, Interrogatory No. 9 states, "Provide a factual basis for each affirmative defense either claimed in defendants answer to the Complaint or anticipated to be claimed in further litigation." The response was: "Objection. To the extent this Interrogatory requests work product, it is improper.

Heyl Royster
Voelker
& Allen

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

3

Notwithstanding said objection, the defendant states that it is expected that defendants will prove at time of trial that there was probable cause for the vehicle stop, probable cause for the search of the vehicle, probable cause for the search of the occupants of the vehicle, and probable cause to search the containers in the vehicle and the trunk of the vehicle.  Specific details are outlined in the police reports of the Monmouth Police Department and the Illinois State Police.  Other defenses may be offered at time of trial."  In addition to raising the privilege, Defendants advised Plaintiff of the bases of their affirmative defenses and referred Plaintiff to specific documents.

B.    Contrary to Plaintiff's assertion, Defendant Officer McVey did not object to Interrogatories Nos. 13-14, but instead provided answers.  Defendant Officer McVey did object to Interrogatories Nos. 15-16, and 19 on the basis that these issues are no longer relevant to the case as the court disposed of them in its order of September 1, 2006, as they relate to Plaintiff's claim regarding the alleged improper seizure of his dog.

C.    With respect to Interrogatory No. 21, Defendant Officer McVey properly indicated that "Investigation continues" and indicated that no response would be made to the extent that the interrogatory sought the mental impressions of defense counsel.  The request sought "The names, addresses and phone numbers of any persons the defendants intend to interview or depose in this matter but have yet to do so."  The request improperly seeks information protected by the attorney work-product privilege, and Plaintiff has received notice of the witnesses Defendants have deposed.

**HEYL ROYSTER**
**VOELKER**
**&ALLEN**

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

4

9.      Similarly, with respect to Defendant Officer McVey's responses to Plaintiff's First Request for Production of Documents, Defendant has raised proper objections and responses to Requests Nos. 5-7, 9-12, 15-16, 19-20, 22-23, and Plaintiff continues to attempt to obtain information that is no longer relevant to the case per the court's order of September 1, 2006.

A.      With respect to Request Nos. 5-7, which respectively seeks the Monmouth Police Department policy manual, the personnel file of Defendants, and all correspondence between Plaintiff and the Monmouth Police Department, Defendants specifically objected to these requests as they are all irrelevant to the remaining subject matter of Plaintiff's Complaint, probable cause for the vehicle stop, search of the vehicle, and resulting search.

B.      Defendant objected to Request No. 9, which sought all documents created by any member of the Monmouth Police Department regarding Jason Mettler, including his past arrest records, on the basis of privilege and that disclosure of such information would result in liability exposure for Defendants. Moreover, said request is overly broad and not limited in time or scope.

C.      Plaintiff's Request Nos. 10-12 improperly seek materials regarding training records from the Monmouth Police Departments. Defendants objected to these requests on the basis that they are irrelevant to the remaining issues of the case. Moreover, as a matter of law, no viable claim exists against the municipality for failure to train and therefore would not likely lead to admissible evidence, as indicated in Defendants' response.

HEYLROYSTER
VOELKER
&ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

D.    Again, Plaintiff's Request Nos. 15, 19, and 20, seek information relating to the alleged improper seizure of Plaintiff's dog, which is no longer relevant and at issue in this case per the court's order of September 1, 2006.

E.    Defendants properly objected to Plaintiff's Request No. 16, which sought "a copy of all documents intended to be introduced as exhibits in a trial of this matter." Again, Defendants objected to the extent that the request sought documents privileged by the attorney work-product doctrine. Further, Defendants have not decided what exhibits may be used at trial, but referred Plaintiff to photos produced.

F.    Plaintiff's Request No. 22 improperly seeks the City's liability insurance policy, which is not admissible at trial. Defendants indicated that they would produce such document if and when Plaintiff obtains a judgment in this case.

G.    Lastly, Plaintiff's Request No. 23, which seeks "a copy of all departmental memos, orders, directives, instructions and guidelines for the period of January 1, 2004 to the present" was objected to due to its over breadth, vagueness, and oppressive nature. This request is an improper use of this discovery device.

10.    Where Defendants have a good faith basis to object to Plaintiff's various written discovery requests and where Plaintiff has not made any attempt to confer with Defendants' counsel regarding the various objections and responses, Defendants have not engaged in what Plaintiff alleges is "contumacious conduct by the clear record of their delay, refusal, wilfulness, bad faith, and fault." Defendants' discovery responses do not constitute or infer any level of "contumacious conduct," and Plaintiff has provided no basis for such a finding beyond his conclusory statements.

**HEYL ROYSTER**
**VOELKER**
**&ALLEN**

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

11.    To the extent that Plaintiff seeks summary judgment as an alternative prayer for relief as to his Motion to Compel, Plaintiff's alternative request is also improper under the circumstances of this case.  The Seventh Circuit is "particularly vigilant in requiring proportionality 'where the draconian sanction of dismissal is imposed.'" *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (quoting *Marrocco v. General Motors Corp.*, 966 F.2d 220, 223-24 (7th Cir. 1992)).  As Plaintiff has conceded, the Seventh Circuit has "noted that the interests of justice are best served by resolving cases on their merits; consequently, "[t]he sanction of dismissal with prejudice must be infrequently resorted to by district courts in attempting to control their dockets and extirpate nuisance suits." *Schilling v. Walworth County Park and Planning Commission*, 805 F.2d 272, 275 (7th Cir. 1986).  "This ultimate sanction is reserved for cases in which the offending party has demonstrated wilfullness, bad faith, or fault." *Id.* (citing *Downs v. Westphal*, 78 F.3d 1252, 1256 (7th Cir. 1996)).  "Absent [these] circumstances, the careful exercise of judicial discretion requires that a district court consider less sever sanctions and explain, where not obvious, their inadequacy for promoting the interests of justice." *Schilling*, 805 F.2d at 275.

12.    As described and explained above, Defendants have responded to Plaintiff's written discovery requests in a good faith basis, and have not acted with wilfulness, bad faith, or fault.  Plaintiff has not demonstrated any basis in which Defendants have acted with willfulness, bad faith, or fault.  Moreover, to the extent that Plaintiff argues that Defendant Officer McVey's discovery responses were untimely, Defendant has already filed a Motion for Enlargement of Time with the court to explain the excusable inadvertence in the late service of his discovery responses.  Defendant did not suffer any prejudice from this response as the deadline for discovery had yet to expire and where Plaintiff received Defendant Officer Corsaro's discovery responses, which were substantially

HEYLROYSTER
VOELKER
&ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

7

similar in request to Defendant Officer McVey.  In this case, there is no basis for any discovery sanctions, let alone dismissal of the action as Plaintiff seeks.

13.    Plaintiff's request for summary judgment is not proportional to the circumstances of this case.  Further, such a remedy would not further the interests of justice or allow this case to be decided on its merits.

WHEREFORE, Defendants OFFICER DOUG CORSARO and OFFICER JIMMY McVEY, JR. respectfully request that this Court enter an order denying Plaintiff's Motion to Compel, denying Plaintiff's request for summary judgment, award Defendants their attorney's fees and reasonable expenses incurred herein pursuant to Rule 37(4)(B) of the Federal Rules of Civil Procedure, and for such other and further relief the court deems necessary.

OFFICER DOUG CORSARO and
OFFICER JIMMY McVEY, JR.


By:_____/s/ John K. Kim_____

HEYL, ROYSTER, VOELKER & ALLEN
David A. Perkins -  #6195542
John K. Kim - #6286591
Suite 600, 124 S. W. Adams Street
Peoria, IL 61602
(309) 676-0400
(309) 676-3374 (fax)
dperkins@hrva.com
jkim@hrva.com

**HEYL ROYSTER**
**VOELKER**
**&ALLEN**

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

8

HEYL ROYSTER
VOELKER
& ALLEN

### **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Additionally, a copy of the foregoing was served upon all parties to the above cause by enclosing the same in an envelope addressed to same, with postage fully prepaid, and by depositing said envelope in a U.S. Post Office Box in Peoria, Illinois, on the 30th day of April, 2007.

Mr. Jeramiah J. Griffin, pro se
#13688-026
Federal Correctional Complex - Med.
P.O. Box 3000 - Medium
Forrest City, AR 72336
*Via U.S. mail*

_/s/ John K. Kim_
David A. Perkins #6195542
John K. Kim #6286591

Attorneys for Defendants,
OFFICER DOUG CORSARO and OFFICER
JIMMY MCVEY, JR.
HEYL, ROYSTER, VOELKER & ALLEN
Suite 600, 124 S. W. Adams Street
Peoria, IL 61602
(309) 676-0400
(309) 676-3374 (fax)
dperkins@hrva.com
jkim@hrva.com

**HEYL ROYSTER**
**VOELKER**
**&ALLEN**

JKK/lan
R1307PMI 009

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

E-FILED

Monday, 30 April, 2007  02:16:10 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JERAMIAH J. GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 06-4051 |
| vs. | ) | |
| | ) | |
| OFFICER DOUG CORSARO, and OFFICER | ) | |
| JIMMY MCVEY, JR., | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF JOHN K. KIM

I, John K. Kim, after first being duly sworn on oath, states as follows:

1.  My name is John K. Kim. I am an adult over the age of 21 and I can competently testify to the following matters if I were sworn as a witness.

2.  I am an associate with the law firm of Heyl, Royster, Voelker & Allen, located at 124 S.W. Adams St., Suite 600, Peoria, IL 61602.

3.  I am one of the assigned attorneys representing the Defendants in this matter, Officer Doug Corsaro and Officer Jimmy McVey, Jr.

4.  I have reviewed Plaintiff's Motion to Compel Production of Requested Discovery or, In the Alterative, Motion of Plaintiff for Summary Judgment in Plaintiff's Favor with Incorporated Memorandum of Law in Support.

5.  In preparing Defendants' response to Plaintiff's Motion to Compel, I have reviewed the contents of the case file.

6.  I have not received any telephone calls or written correspondence from Plaintiff Jeramiah Griffin in this matter regarding Defendants' written discovery answers, responses, and objections before receiving Plaintiff's Motion to Compel.

**HEYL**ROYSTER
**VOELKER**
**&**A**LLEN**

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

EXHIBIT

A

7.    I have personal knowledge of all matters asserted herein.

8.    FURTHER AFFIANT SAYETH NOT.

_____
John K. Kim

STATE OF ILLINOIS          )
                           ) ss
COUNTY OF PEORIA           )

SUBSCRIBED and SWORN to before me this 30th day of April, 2007.

_____
Notary Public

```
OFFICIAL SEAL
SHERI KYLE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-16-2010
```

**HEYL ROYSTER**
**VOELKER**
**& ALLEN**

R1307PMI 011

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

**E-FILED**

Monday, 30 April, 2007  02:16:36 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| JERAMIAH J. GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CASE NO. 06-4051 |
| vs. | ) |
| | ) |
| OFFICER DOUG CORSARO, and OFFICER | ) |
| JIMMY MCVEY, JR., | ) |
| | ) |
| Defendants. | ) |

## OFFICER JIMMY McVEY, JR.'S ANSWERS
## TO PLAINTIFF'S INTERROGATORIES

NOW COMES the Defendant, OFFICER JIMMY McVEY, by HEYL, ROYSTER,

VOELKER & ALLEN, his attorneys, and for his Answers to the Interrogatories previously

propounded to defendants by the plaintiff, JERAMIAH J. GRIFFIN, states as follows:

**INTERROGATORY NO.1.:** Please identify by name the person(s) answering these

Interrogatories, which Interrogatories they answered and the name, if anyone, who assisted them

in answering these interrogatories.

       **ANSWER:** Officer Jimmy McVey, Jr.  He was assisted by his attorney, David A.

Perkins.

**INTERROGATORY NO.2.:**  For every responsive document not produced in response

to Plaintiffs Request for Production please provide the following:

      A.      The title, if any, of the document;

      B.      A general description of the type of document;

      C.      The author, if any, of the document;

      D.      The present location/custodian of the document;

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400



EXHIBIT

B

E.      The nature of any priviledge(sic) asserted regarding the document.

      **ANSWER:** See the objection to each individual discovery request and the precise objection which is noted.

**INTERROGATORY NO.3.:** Please provide the name and business address of all persons known to defendants with knowledge related to the traffic stop giving rise to the lawsuit.

      **ANSWER:**    Officer Doug Corsaro, Monmouth Police Department
                    Officer Jimmy McVey, Jr., Monmouth Police Department
                    Officer Hepner, Monmouth Police Department
                    Officer Steve Thompson, Monmouth Police Department
                    Monmouth, IL

                    Trooper Jason W. Elswick
                    Illinois State Police
                    1600 N. Lafayette St.
                    Macomb, IL 61455

                    Jason Mettler
                    1127 South 5th Street
                    Monmouth, IL 61462

**INTERROGATORY NO.4.:** Please provide the name and business address of all known potential witnesses for defendants.

      **ANSWER:**    Officer Doug Corsaro, Monmouth Police Department
                    Officer Jimmy McVey, Jr., Monmouth Police Department
                    Officer Hepner, Monmouth Police Department
                    Officer Steve Thompson, Monmouth Police Department
                    Monmouth, IL

                    Trooper Jason W. Elswick
                    Illinois State Police
                    1600 N. Lafayette St.
                    Macomb, IL 61455

                    Jason Mettler
                    1127 South 5th Street
                    Monmouth, IL 61462

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

**INTERROGATORY NO.5.:** Provide the name and business address of all persons interviewed by defendants or their representatives to this lawsuit.

      **ANSWER:** Jason Mettler and Monmouth Police Chief Brad Ziegler.

**INTERROGATORY NO.6.:** Provide the current address and telephone number of Jason Metler.

      **ANSWER:**    Jason Mettler
                    1127 South 5th Street
                    Monmouth, IL 61462

**INTERROGATORY NO.7.:** Provide the name and business address of the court reporter used for the deposition of Jason Metler.

      **ANSWER:**    Amy Powers
                    Circuit Wide Reporting
                    Hill Arcade Building
                    250 East Main Street, Suite 316
                    Galesburg, IL 61401

**INTERROGATORY NO.8.:** Provide the name and business address of the/each witness defendants expect to call at trial in this matter and for each person, provide the following:

    A.      Whether they have provided a deposition or statement;

    B.      Their current employer and occupational position;

    C.      A general description of their anticipated testimony.

      **ANSWER:**

      Officer Doug Corsaro
      Monmouth Police Department
      Monmouth, IL

      It is expected that Officer Doug Corsaro will testify at the time of trial regarding information known about drug activity and the activities of the plaintiff and Jason

HEYLROYSTER
VOELKER
&ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

Mettler prior to the traffic stop, his training and experience, information obtained by various Crimestoppers tips, prior contacts with the plaintiff and Jason Mettler, his observations during the car stop, the reasons for the car stop, the reasons for the search of the persons and the vehicle and containers therein, statements made by the plaintiff and Jason Mettler, details of the detention, arrest, and the physical altercation with the plaintiff and Jason Mettler, and the reason for his officer's actions.

Officer Jimmy McVey, Jr.
Monmouth Police Department
Monmouth, IL

It is expected that Officer Jimmy McVey, Jr., will testify at the time of trial regarding information known about drug activity and the activities of the plaintiff and Jason Mettler prior to the traffic stop, his training and experience, information obtained by various Crimestoppers tips, prior contacts with the plaintiff and Jason Mettler, his observations during the car stop, the reasons for the car stop, the reasons for the search of the persons and the vehicle and containers therein, statements made by the plaintiff and Jason Mettler, details of the detention, arrest, and the physical altercation with the plaintiff and Jason Mettler, and the reason for his officer's actions.

Officer Hepner
Monmouth Police Department
Monmouth, IL

It is expected that Officer Hepner will testify at the time of trial regarding information known about drug activity and the activities of the plaintiff and Jason Mettler prior to the traffic stop, his training and experience, information obtained by various Crimestoppers tips, prior contacts with the plaintiff and Jason Mettler, his observations during the car stop, the reasons for the car stop, the reasons for the search of the persons and the vehicle and containers therein, statements made by the plaintiff and Jason Mettler, details of the detention, arrest, and the physical altercation with the plaintiff and Jason Mettler, and the reason for his officer's actions.

Officer Steve Thompson
Monmouth Police Department
Monmouth, IL

It is expected that Officer Steve Thompson will testify at the time of trial regarding information known about drug activity and the activities of the plaintiff and Jason Mettler prior to the traffic stop, his training and experience, information obtained by various Crimestoppers tips, prior contacts with the plaintiff and Jason Mettler, his observations during the car stop, the reasons for the car stop, the reasons for the search of the persons and the vehicle and containers therein, statements made by the plaintiff and Jason Mettler, details of the detention, arrest,

HEYLROYSTER
VOELKER
&ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

and the physical altercation with the plaintiff and Jason Mettler, and the reason for his officer's actions.

Trooper Jason W. Elswick
Illinois State Police
1600 N. Lafayette St.
Macomb, IL 61455

It is expected that Trooper Jason Elswick will testify at the time of trial regarding information known about drug activity and the activities of the plaintiff and Jason Mettler prior to the traffic stop, his training and experience, prior contacts with the plaintiff and Jason Mettler, his observations during the car stop, the reasons for the car stop, the reasons for the search of the persons and the vehicle and containers therein, statements made by the plaintiff and Jason Mettler, details of the detention, arrest, and the physical altercation with the plaintiff and Jason Mettler, and the reason for his officer's actions.

Jason Mettler
1127 South 5th Street
Monmouth, IL 61462

Jason Mettler will testify at time of trial regarding the plaintiff's participation in the possession and delivery of drugs and controlled substances, their activities immediately prior to the arrest on 6/21/05, the details of the car stop, statements made by himself and Griffin and the individual officers, the activities of Griffin and Mettler inside the motor vehicle immediately prior to the stop, his prior arrest, Griffin's prior arrest, the details of their arrest and the search of the vehicle, and the condition of the motor vehicle and the function of the registration light.

**INTERROGATORY NO.9.:**  Provide a factual basis for each affirmative defense either claimed in defendants answer to the Complaint or anticipated to be claimed in further litigation.

**ANSWER:** Objection.  To the extent this Interrogatory requests work product, it is improper.  Notwithstanding said objection, the defendant states that it is expected that defendants will prove at time of trial that there was probable cause for the vehicle stop, probable cause for the search of the vehicle, probable cause for the search of the occupants of the vehicle, and probable cause to search the containers in the vehicle and the trunk of the vehicle.  Specific details are outlined in the police reports of the Monmouth Police Department and the Illinois State Police.  Other defenses may be offered at time of trial.

HEYLROYSTER
VOELKER
&ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

**INTERROGATORY NO.10.:**  Provide a general description of each and every document and or object either used or brought to and contemplated for use as an exhibit at the deposition of Jason Metler.

      **ANSWER:**  Objection.  To the extent this Interrogatory requests work product, it is improper.  Notwithstanding said objection, the defendant expects to rely upon photographs attached to the Response to Request to Produce.  Defendants may or may not rely upon other tangible items listed in the police reports.

**INTERROGATORY NO.11.:**  Provide the name, occupation and address of any person known to defendants who has any knowledge regarding plaintiffs claims in this matter.

      **ANSWER:**      Officer Doug Corsaro, Monmouth Police Department
                      Officer Jimmy McVey, Jr., Monmouth Police Department
                      Officer Hepner, Monmouth Police Department
                      Officer Steve Thompson, Monmouth Police Department
                      Monmouth, IL

                      Trooper Jason W. Elswick
                      Illinois State Police
                      1600 N. Lafayette St.
                      Macomb, IL 61455

                      Jason Mettler
                      1127 South 5th Street
                      Monmouth, IL 61462

**INTERROGATORY NO.12.:**  Provide a description of the training that defendants have received while employed by the Monmouth police department in the area of search and seizure, and for each, who provided that training.

      **ANSWER:**  Defendant has received mandatory training required by the State of Illinois.  Defendant has also received continuing education at various classes and seminars.  Since no viable claim exists against the municipality for failure to train, any additional detail is

HEYL ROYSTER
VOELKER
&ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

irrelevant and not likely to lead to admissible information. Therefore, this defendant objects to providing any additional detailed information.

**INTERROGATORY NO.13.:** Provide the names of all persons involved in the decision to stop the vehicle plaintiff was riding in when stopped on June 21, 2005.

**ANSWER:** Officer Doug Corsaro and Officer McVey. See police reports.

**INTERROGATORY NO.14.:** Provide the names of all persons involved in the decision to search the personal belongings of plaintiff on June 21, 2005.

**ANSWER:** Officer Corsaro, Officer McVey, and Officer Hepner. Also see police reports for additional information.

**INTERROGATORY NO.15.:** Provide the names of all persons involved in the decisions to seize plaintiffs dog on June 21, 2005.

**ANSWER:** Objection, by order of the court, this issue has been disposed of and is no longer a relevant issue in this case.

**INTERROGATORY NO.16.:** Provide the names of all persons involved in the decision to euthanize plaintiffs dog on June 21, 2005.

**ANSWER:** Objection, by order of the court, this issue has been disposed of and is no longer a relevant issue in this case.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

**INTERROGATORY NO.17.:** Provide a detailed description of all items searched and all items seized belonging to plaintiff on June 21, 2005 and the legal basis to search and seize those items.

**ANSWER:** See information contained in the police reports. To the extent this Interrogatory requests legal conclusions, it is improper and this defendant objects thereto.

**INTERROGATORY NO.18.:** Provide a description of all notes, reports, documents, and memos created by or on behalf of defendants as a result of the following:

A. The search of plaintiffs property on June 21, 2005;

B. The suppression hearing in the matter of the arrest of plaintiff which hearing was held on August 3, 2005; and

C. The initiation of this lawsuit.

**ANSWER:** See police reports attached to Response to Request to Produce. Any documents generated from the suppression hearing are public records, can be obtained by the plaintiff, and this defendant has no obligation to describe said documents.

**INTERROGATORY NO.19.:** A description of the procedures used by defendants when seizing dogs and subsequently euthanizing them.

**ANSWER:** Objection, by order of the court, this issue has been disposed of and is no longer a relevant issue in this case.

**INTERROGATORY NO.20.:** The reason(s) or rationale for stopping the vehicle plaintiff was riding in on June 21, 2005.

**ANSWER:** The registration light was inoperable. For additional details, see the police reports attached to the Response to Request to Produce.

HEYLROYSTER
VOELKER
&ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

**INTERROGATORY NO.21.:** The names, addresses and phone numbers of any persons the defendants intend to interview or depose in this matter but have yet to do so.

**ANSWER:** Investigation continues. To the extent this Interrogatory requests the mental impressions of defense counsel, it is improper and no response will be given.

**INTERROGATORY NO.22.:** Do you understand that these interrogatories are to be supplemented or added to as additional information is made know to defendants?

**ANSWER:** Defendant is familiar with the Federal Rules of Civil Procedure.

**INTERROGATORY NO.23.:** Do you understand that these interrogatories are to be answered under oath and penalty of perjury?

**ANSWER:** Defendant is familiar with the Federal Rules of Civil Procedure.

STATE OF ILLINOIS       )
                        ) ss.
COUNTY OF               )

OFFICER JIMMY McVEY, JR., states that he has answered the above interrogatories consisting of ten (10) pages in accordance with Rule 33 of the Federal Rules of Civil Procedure and that the answers are correct.

_____
OFFICER JIMMY McVEY, JR.

SUBSCRIBED AND SWORN to before me this <u>9</u> day of <u>February</u>, ~~2006.~~ 2007

OFFICIAL SEAL
JULIE RICHARDSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-25-2007

_____
NOTARY PUBLIC

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by enclosing the same in an envelope addressed to such attorneys at their business address as disclosed by the pleadings of record herein, with postage fully prepaid, and by depositing said envelope in a U.S. Post Office Box in Peoria, Illinois, on the 28th day of February, 2007.

Mr. Jeramiah J. Griffin, *pro se*
#13688-026
Federal Correctional Complex - Med.
P.O. Box 3000 - Medium
Forrest City, AR 72336

David A. Perkins #6195542
John K. Kim #6286591

Attorneys for Defendants,
OFFICER DOUG CORSARO and OFFICER
JIMMY MCVEY, JR.

HEYL, ROYSTER, VOELKER & ALLEN
Suite 600, 124 S. W. Adams Street
Peoria, IL 61602
(309) 676-0400
(309) 676-3374 (fax)
dperkins@hrva.com
jkim@hrva.com

DAP/rg/sb
R1307DIA 002

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

E-FILED
Monday, 30 April, 2007  02:16:57 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JERAMIAH J. GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 06-4051 |
| vs. | ) | |
| | ) | |
| OFFICER DOUG CORSARO, and OFFICER | ) | |
| JIMMY MCVEY, JR., | ) | |
| | ) | |
| Defendants. | ) | |

### OFFICER JIMMY MCVEY'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

NOW COMES the defendant, OFFICER JIMMY MCVEY, JR., by HEYL, ROYSTER, VOELKER & ALLEN, his attorney,  and for Response to Plaintiff's First Request for Production previously propounded upon him by plaintiff, JERAMIAH J. GRIFFIN, states as follows:

<u>REQUEST NO. 1</u>: Provide all documents used in answering plaintiff's interrogatories to defendants.

<u>RESPONSE</u>: See the attached police reports.

<u>REQUEST NO. 2</u>: Provide all documents introduced as exhibits in the deposition of Jason Mettler.

<u>RESPONSE</u>: None.

<u>REQUEST NO. 3</u>: Provide all documents introduced/used in the preparing of defendants for their testimony on August 3, 2005 at the Suppression hearing regarding the arrest of plaintiff.

<u>RESPONSE</u>: See Response to Request No. 1.

<u>REQUEST NO.4</u>: Provide all reports, notes, memos, letters and transcripts of information related to this case.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400



RESPONSE: See police reports attached in response to Request No. 1. Also see five pages of photographs attached hereto. Also attached you will find the deposition transcript of Jason Mettler.

REQUEST NO. 5: Provide a full and complete department policy manual for the Monmouth Police Department as it existed on June 21, 2005 and any subsequent additions, deletions or changes.

RESPONSE: Objection. This request is irrelevant to whether or not probable cause existed for the vehicle stop, for the search of the vehicle, search of the persons, and search of containers found in the vehicle.

REQUEST NO. 6: Provide the complete personnel file of defendants including any disciplinary files.

RESPONSE: Objection. This request is irrelevant to whether or not probable cause existed for the vehicle stop, for the search of the vehicle, search of the persons, and search of containers found in the vehicle.

REQUEST NO. 7: Provide any and all correspondence to and from plaintiff and the Monmouth Police Department from January 1, 2002 to present.

RESPONSE: Objection. This request is irrelevant to whether or not probable cause existed for the vehicle stop, for the search of the vehicle, search of the persons, and search of containers found in the vehicle. Moreover, to the extent any of these documents exist they will not be used as evidence in this case.

REQUEST NO. 8: Provide all notes, reports, memos, e-mails or other documentation created by any member of the Monmouth Police Department regarding plaintiff, including past arrest records.

RESPONSE: See attached past arrest records of Jeramiah Griffin.

REQUEST NO. 9: Provide all notes, reports, memos, e-mails or other documentation created by any member of the Monmouth Police Department regarding Jason Mettler, including past arrest records.

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

-2-

RESPONSE: Objection. Said documents are privileged and will not be produced. Liability issues will be created and statutes will be violated by production of said documents.

REQUEST NO. 10: Provide the training records of defendants.

RESPONSE: Objection, said documents are irrelevant to the issues remaining in this case. There is no viable claim against the municipality for failure to train and therefore said documents are irrelevant and not likely to lead admissible evidence.

REQUEST NO. 11: Provide the training records/materials utilized by the Monmouth Police Department for search and seizure law for any training conducted between January 1, 2002 to the present.

RESPONSE: Objection, said documents are irrelevant to the issues remaining in this case. There is no viable claim against the municipality for failure to train and therefore said documents are irrelevant and not likely to lead admissible evidence.

REQUEST NO. 12: Provide a complete copy of the training materials both defendants received from attending their respective classes for their basic law enforcement academy certification.

RESPONSE: Objection, said documents are irrelevant to the issues remaining in this case. There is no viable claim against the municipality for failure to train and therefore said documents are irrelevant and not likely to lead to admissible evidence.

REQUEST NO. 13: Provide a copy of any document privilege log in existence regarding requested documents in this lawsuit.

RESPONSE: See claims for privilege outlined in each individual defendant's Response to Request to Produce and each individual defendant's Interrogatory Answers.

REQUEST NO. 14: Provide a complete custody log/chain of custody receipt trail for any item seized from plaintiff on June 21, 2005.

RESPONSE: See attached police reports.

REQUEST NO. 15: Provide all documents, reports, memos, notes created regarding the euthanization of plaintiff's dog on or about June 22, 2005.

HEYLROYSTER
VOELKER
&ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

-3-

RESPONSE: Objection. This issue is no longer viable in this litigation pursuant to court order.

REQUEST NO. 16: Provide a copy of all documents intended to be introduced as exhibits in a trial of this matter.

RESPONSE: Objection, to the extent this request seek to invade the attorney work product privilege, it is improper. Notwithstanding said objection, defendants have not made up their mind as to what exhibits may be admitted at time of trial. Nevertheless, defendants suspect that the attached photographs may be admitted at time of trial.

REQUEST NO 17: Provide a copy of any document produced to defendants by third parties regarding this lawsuit.

RESPONSE: See the police report of Trooper Elswick.

REQUEST NO 18: Provide a copy of any document used by defendants which they contend contributed to the probable cause to stop and/or search plaintiff on June 21, 2005.

RESPONSE: See the "additional police reports" attached hereto.

REQUEST NO. 19: Provide a copy of any document used by defendants which they contend contributed to the probable cause to the propriety of euthanizing plaintiff's dog on or about June 22, 2005.

RESPONSE: Objection, this issue is no longer viable in this litigation pursuant to court order.

REQUEST NO. 20: A copy of any findings, court order or administrative determination in disposing of any of plaintiff's property as a result of the search and seizure giving rise to this lawsuit.

RESPONSE: Objection, this issue is no longer viable in this litigation pursuant to court order.

REQUEST NO. 21: A copy of any document claimed to be privileged by defendants in this matter but which have been shown to any third party.

**HEYL ROYSTER**
**VOELKER**
**&ALLEN**

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

-4-

RESPONSE: None.

REQUEST NO. 22: A copy of the liability insurance policy for the City of Monmouth, IL as it existed on June 21, 2005 and as it exists as of this date.

RESPONSE: Objection. This document will not be admissible at trial and therefore will not be produced. If and when plaintiff obtains a judgment, said document will be produced.

REQUEST NO. 23: A copy of all departmental memos, orders, directives, instructions and guidelines for the period of January 1, 2004 to the present.

RESPONSE: Objection, this request is overly broad, vague, and is designed to be oppressive.

REQUEST NO. 24: A copy of all e-mails, notes, letters between defendants Corsaro and McVey regarding plaintiff.

RESPONSE: None.

_____
OFFICER JIMMY MCVEY, JR.

STATE OF ILLINOIS    )
                     ) ss.
COUNTY OF            )

Officer Jimmy McVey, Jr. states that he has prepared the foregoing Response to Request for Production and that the production therein is complete in accordance with the request.

_____
OFFICER JIMMY MCVEY, JR.

SUBSCRIBED AND SWORN to before me this 9 day of February, 2007.

_____
NOTARY PUBLIC

OFFICIAL SEAL
JULIE RICHARDSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-25-2007

**HEYL ROYSTER**
VOELKER
&ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2007, I mailed the foregoing Response to Plaintiff's Request For Production via U.S. mail to the following:

Mr. Jeramiah J. Griffin, *pro se*
#13688-026
Federal Correctional Complex - Med.
P.O. Box 3000 - Medium
Forrest City, AR 72336

_____
David A. Perkins #6195542
John K. Kim #6286591

Attorneys for Defendants,
OFFICER DOUG CORSARO and OFFICER
JIMMY MCVEY, JR.

HEYL, ROYSTER, VOELKER & ALLEN
Suite 600, 124 S. W. Adams Street
Peoria, IL 61602
(309) 676-0400
(309) 676-3374 (fax)
dperkins@hrva.com
jkim@hrva.com

JKK/lan
R1307DIA 004

**HEYL ROYSTER**
**VOELKER**
**&ALLEN**

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400