UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JERAMIAH J. GRIFFIN,
   Plaintiff,

vs.                                           No. 06-4051

MONMOUTH POLICE DEPARTMENT, et.al.,
   Defendants.

## ORDER

      This cause is before the court for consideration of the plaintiff's motion to dismiss his case. [d/e 39]. The plaintiff simply says he wishes to dismiss his case in its entirety because he is unable to continue due to lack of "ability financially and being pro se without counsel." Plain. Mot., p. 1.

      On September 1, 2006, the court conducted a merit review of the plaintiff's complaint and found that he had adequately alleged that Monmouth Police Officers Doug Corsaro and Jimmy McVey had violated his Fourth Amendment rights during a June 21, 2005 traffic stop.

      In his complaint and a subsequent merit review hearing, the plaintiff said he was a passenger in a vehicle that was detained pursuant to a traffic stop. The plaintiff had his dog with him in the car. The plaintiff says he was arrested and charged with Unlawful Possession of a Controlled Substance with Intent to Deliver. The plaintiff says his dog was peaceful throughout the stop, but the dog was taken by the officers when the plaintiff was arrested. The plaintiff later discovered that his dog had been euthenized at a local animal shelter.

      Many of the claims in the plaintiff's complaint were based on the taking of his dog. However, the plaintiff had not alleged that the deprivation took place according to any established state procedure, nor that he lacked an adequate remedy under state law. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). Therefore, the court found that the proper place for the plaintiff to bring this claim was the Illinois Court of Claims, not federal court.

      The case proceeded on a Fourth Amendment claim and the plaintiff filed a 'Motion to Compel or in the alternative Motion for Summary Judgement." [d/e 30]   The court said the defendants failed to provide him with all of his requested discovery and therefore the court should grant him summary judgement. The motion was denied. The plaintiff had not attempted to resolve any discovery disputes with the defendants. The response to the motion provided by the defendants demonstrated that they had appropriately respond to discovery requests and stated

valid objections when appropriate.

The defendants filed a cross motion for summary judgement. [d/e 35]   The plaintiff responded by filing a motion for an extension of time to file a response and a motion for appointment of counsel.   The court denied the plaintiff's motion for appointment of counsel.  The plaintiff had not demonstrated that he had made reasonable efforts to retain counsel and was unsuccessful, or that he was effectively precluded from making such efforts. *Jackson v. County of McLean,* 953 F.2d 1070, 1072-73 (7th Cir. 1992); *see also Williams v Finney,* 2007 WL 3085958 at 1 (N.D. Ill. Oct. 18, 2007).   The court stated that even if he had provided this information, the plaintiff appeared competent to represent himself based on his submissions and further, his case did not appear to be complex.    The court notes that the plaintiff had adequately represented himself during the merit review hearing and had participated in the discovery process.

The plaintiff was given additional time to file a response to the motion for summary judgement.  *See* June 15, 2007 Court Order.  The plaintiff was advised that he could not simply reply on the allegations in his complaint in response to the dispositive motion.

> Rather, the plaintiff must respond by affidvit(s) or as otherwise provided in
> Rule 56 of the Federal Rules of Civil Procedure.  The response must set forth
> specific facts showing there is a genuine issue of material fact for trial.  The
> plaintiff may direct the court to evidence presented with his original motion
> for summary judgement.   June 15, 2007 Text Order.

The plaintiff did file a response which pointed the court back to his complaint, and to his previously filed summary judgement motion. [d/e 36].   The plaintiff then filed his motion to dismiss his lawsuit.  The motion is granted.

The court notes that in the defendants' pending motion for summary judgement, they have provided evidence that the plaintiff plead guilty in federal court to one count of "conspiracy with intent to distribute methamphetamine" based on this same June 21, 2005 traffic stop.  This conviction has not been overturned.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to voluntarily dismiss this lawsuit is granted. [d/e 39]. The plaintiff's claims are dismissed without prejudice.  The clerk is directed to terminate this case in its entirety.**

**2) All pending motions are denied as moot. [d/e 35]**

**3) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**4) The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such a change. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Enter this 7th day of March, 2008.

                          s\Harold A. Baker

                    **HAROLD A. BAKER**
            **UNITED STATES DISTRICT JUDGE**